# WILLIAM SEGALL v. FRED A. H. GARLICHS, Appellant.

In Banc, March 15, 1926.

1. **NONSUIT: Demurrer Not Ruled: Voluntary.** Where the record recites that at the conclusion of plaintiff's evidence the defendant presented a demurrer to plaintiff's case which "the court indicated would be given," plaintiff's nonsuit thereupon taken was voluntary. There was no adverse ruling, but only an indication of what the ruling would be, and a nonsuit taken under such circumstances is not involuntary.

2. ———: ———: **Record Recital: Involuntary.** A recital in the record that the nonsuit was involuntary does not make it such.

3. **APPEAL:** Voluntary Nonsuit. No appeal lies from an order sustaining plaintiff's motion to set aside a voluntary nonsuit taken by him and to grant him a new trial. Such an order is not a final judgment, and neither plaintiff nor defendant can appeal therefrom, and defendant's appeal is premature and must be dismissed.

4. ————: ————: Consideration of Merits. Neither side being entitled to an appeal from an order sustaining plaintiff's motion to set aside his voluntary nonsuit and to grant him a new trial, the defendant cannot be heard to contend that his instruction in the nature of a demurrer to the evidence should have been given.

Appeal and Error, 3 C. J., Section 29, p. 316, n. 43; Section 333, p. 501, n. 35; Section 1086, p. 1075, n. 84; p. 1076, n. 87. Dismissal and Nonsuit, 18 C. J., Section 3, p. 1147, n. 27, 29 New; Section 6, p. 1149, n. 62, 67.

Appeal from Buchanan Circuit Court.—*Hon. Thomas B. Allen,* Judge.

DISMISSED.

*Randolph & Randolph* for appellant.

Respondent could not be properly granted a new trial in this case, because the record shows the instruction directing a verdict for appellant was not actually given. Therefore, respondent's nonsuit was not taken after an adverse ruling of the court, and was a voluntary nonsuit, and, as such, could not be set aside upon motion. McClure v. Campbell, 148 Mo. 111; Carter v. O'Neill, 102 Mo. App. 391; Gray v. Ward, 234 Mo. 295.

*Joseph L. Weiner* and *Ryan & Zwick* for respondents.

The action of the trial court in sustaining respondent's motion to set aside the non-suit should not be disturbed because the trial court acted entirely within its discretion. Thaler v. Niedermeyer, 185 Mo. App. 257;

Jones v. Lime Co., 128 Mo. App. 348; Heitland Grate & Mantle Co. v. Culver, 164 S. W. 708; Green v. Terminal Railroad Assn., 211 Mo. 34; West v. McMullen, 112 Mo. 409.

OTTO, J.—The plaintiff sued defendant under a petition in two counts, the first for false imprisonment, the second for malicious prosecution. Issues were raised by the pleadings and there was a trial before a jury. At the conclusion of the plaintiff's evidence the defendant presented to the court the following instruction in the nature of a demurrer to the evidence:

"The court instructs the jury that under the pleadings and plaintiff's evidence your verdict should be for the defendant."

The record entries and bill of exceptions filed by the defendant recite the offering of the instruction in the nature of a demurrer to plaintiff's evidence, which the court indicated would be given. Thereupon plaintiff took an involuntary nonsuit with leave to move the court to set the same aside; and the jury was discharged from further consideration of the case. The court thereupon entered judgment.

No objection or exception to the indication given by the court was made or saved by the plaintiff. Thereafter, and within the required time, the plaintiff filed his motion to set aside the nonsuit taken, upon the ground that "the court erred in sustaining defendant's demurrer to the evidence offered at the close of plaintiff's case." This motion was taken up by the court at the next regular term, and by the court sustained, to which action the defendant excepted and in due time took his appeal.

The defendant insists, first, that plaintiff could not be properly granted a new trial, because the record shows the instruction directing a verdict for appellant was not actually given; therefore, plaintiff's nonsuit was not taken after an adverse ruling of the court, and was a voluntary nonsuit, and, as such, could not be set aside upon motion;

second, that the case was properly taken from the jury by the trial court in the first instance, and under plaintiff's evidence defendant was entitled to judgment in his favor as a matter of law.

I.   The record entry here shows that an instruction in the nature of a demurrer had been offered, which "the court indicated would be given." Under the repeated decisions of this court a nonsuit to be involuntary must be taken as the result of an adverse ruling actually made. In the instant case the court did not actually make an adverse ruling, but merely indicated what the ruling would be: the nonsuit thus taken was voluntary. [McFarland v. O'Reilly, 272 S. W. (Mo.) 693; Greene County Bank v. Gray, 146 Mo. 568; McClure v. Campbell, 148 Mo. 96; Lewis v. Mining Co., 199 Mo. 463; Gray v. Ward, 234 Mo. 291; Carter v. O'Neill, 102 Mo. App. 391; Bushyager v. Packing Co., 142 Mo. App. 311; Diamond Rubber Co. v. Wernicke, 166 Mo. App. 128; 3 C. J. 502.]

The mere fact that the record designates the nonsuit as involuntary does not make it so. It was said in Greene County Bank v. Gray, supra, wherein the proceedings and record recitals were identical with the recitals found in the case at bar: "The nonsuit must be involuntary. To simply call it by that name will not make it involuntary." [McFarland v. O'Reilly, supra.]

II.   This case is here on defendant's appeal from an order sustaining plaintiff's motion to set aside the nonsuit taken by plaintiff. The right of appeal is wholly governed by statute. Section 1469, Revised Statutes 1919, which provides wherein appeals lie, provides as follows:

"Any party to a suit aggrieved by any judgment of any circuit court in any civil cause from which an appeal is not prohibited by the Constitution, may take his appeal to a court having appellate jurisdiction from any order granting a new trial, or in arrest of judgment, or order refusing to revoke, modify or change an interlocu-

tory order appointing a receiver or receivers, or dissolving an injunction, or from any interlocutory judgments in actions of partition which determine the rights of the parties, or from any final judgment in the case, or from any special order after final judgment in the cause; but a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case. The Supreme Court shall summarily hear and determine all appeals from orders refusing to revoke, modify or change an interlocutory order appointing a receiver or receivers, and for that purpose shall, on motion, advance the same on its docket.''

And it follows that where there is no statute allowing an appeal no appeal will lie. [Millar v. Transit Co., 216 Mo. 99; Bussiere's Admr. v. Sayman, 257 Mo. 303.]

In Turr v. Terminal Railroad Co., 277 Mo. 235, 209 S. W. (Mo.) 908, the plaintiff had taken a voluntary non-suit, which, afterward, upon the plaintiff's motion, the court set aside and reinstated the cause. The defendant filed his motion to vacate the order to reinstate, which was overruled. The defendant appealed. FARRIS, J., said, at page 238: ''It is fairly obvious that an appeal from the action of the circuit court in refusing to set aside an order reinstating upon the docket a case wherein, at the same term, a voluntary nonsuit was taken, does not fall within any of the classes of cases mentioned in the statute, supra. In short, it is neither a final judgment, nor is it provided for, or to be found either expressly or impliedly among any of the orders set out in, the statute from which an appeal lies. [Holdridge v. Marsh, 28 Mo. App. 283.] Since appeals are matters which are wholly governed by statutes, it follows that where there is no statute allowing an appeal, no appeal will lie. This view disposes of the case and renders it unnecessary to discuss whether the trial court possesses either the power or discretion to reinstate upon the trial docket a case where a

voluntary nonsuit was taken, when such reinstatement is permitted at the same term at which the nonsuit was taken. This appeal was prematurely taken; let it be dismissed."

In McFarland v. O'Reilly, 272 S. W. (Mo.) 692, wherein the proceedings constituting the taking of the nonsuit and the taking of the appeal are identical with the record recitals in the instant case, LINDSAY, C., held that the nonsuit was voluntary and that the appeal was prematurely taken.

In Holdridge v. Marsh, 28 Mo. App. 1. c. 286, cited with approval and followed by this court in Turr v. Terminal Railroad Co., supra, and McFarland v. O'Reilly, supra, THOMPSON, J., said: "It is a general rule of law that no appeal will lie from a voluntary nonsuit (Chouteau v. Rowse, 90 Mo. 191); and it can make no difference whether such an appeal is attempted to be prosecuted by the plaintiff or by the defendant. The plaintiff cannot appeal from such a judgment of nonsuit, because it is his own voluntary act; the defendant cannot appeal from it, because he is not aggrieved by it within the meaning of the statute allowing appeals. Nor can he appeal from the order reinstating the cause, for that is not a final disposition of the cause."

What was held in the foregoing cases is applicable here.

III. The defendant contends and urges that the peremptory instruction in the nature of a demurrer to the evidence should have been given and asks the review of that evidence, and for a reversal, but holding as we have, that the nonsuit was premature and voluntary and that defendant's appeal was prematurely taken, precludes the consideration of this evidence.

Defendant's appeal should be dismissed. It is so ordered. All concur, except *Blair, C. J.,* who concurs in the result.