LETTIE B. McILVAIN, Respondent, v. ANTONE KAVORINOS, ET AL., Defendants, BESSIE KAVORINOS and JAMES KAVORINOS, Appellants. —No. 41123.—219 S. W. (2d) 349.

Court en Banc, March 14, 1949.

Rehearing Denied, April 11, 1949.

*J. K. Owens* and *Marion D. Waltner* for appellants; *Clarence C. Chilcott* of counsel.

*C. W. Prince* and *Landry Harwood* for respondent.

1156

[350] DOUGLAS, J.—This is a suit for unlawful detainer of premises at 3924 Main Street in Kansas City. Upon a prior appeal from a judgment for plaintiff, the Kansas City Court of Appeals reversed and remanded. 202 S. W. (2d) 103. Plaintiff again recovered judgment. On second appeal the Court of Appeals affirmed. 212 S. W. (2d) 85. We refer to the opinions of the Court of Appeals for a full account of the facts. Thereafter the case was transferred to this court. We determine it as if originally appealed here.

The first question for decision is whether, in a jury trial for unlawful detainer, the trial court may enter a judgment for damages for the past due rents when the verdict of the jury is entirely silent as to such damages? We hold it has no authority to do so, and its judgment is erroneous.

Plaintiff makes no claim for damages for waste or injury to her premises. But she is claiming damages for the past rents due for the use of the premises for the period from November 1, 1945 to the date of the trial, October 20, 1947. The rental value during this period was strongly disputed. Plaintiff's evidence showed the value to be $125 per month. Defendant's evidence on the rental value ranged from $65 to $75 per month. It showed defendant had paid over the period of the month to month tenancy a monthly rent first of $50, then $65, and lastly $85.

The court submitted to the jury instructions on the various forms of verdict. The form of verdict for plaintiff as submitted was incomplete. In returning a verdict for plaintiff the jury followed the form prescribed by the instructions, as follows: "We the jury find the defendant guilty in manner and form as charged in the complaint, and do further find that the value of the monthly rents and profits of the said tenements is $105.00 dollars."

As is apparent, the verdict contains no mention or award of damages for the past rents due. However, the court itself determined the amount of such damages by using the figure of $105 found by the

jury as the present value of the monthly rents. The court multiplied $105 by 24, the number of months it found the premises had been detained up to the time of trial. It doubled the product of $2520, as required by statute, and entered a judgment for $5040. Thus we find in the judgment an award of damages not even mentioned in the verdict.

[351] The statutes providing for the practice and procedure in unlawful detainer have been held to constitute an exclusive and special code within itself. Gary Realty Co. v. Kelly, 278 Mo. 450, 214 S. W. 92. The statutory provisions for the action of unlawful detainer are set out in detail in Article 2 of Chapter 12, R. S. 1939, Mo. RSA., as reenacted, 1945 Laws, p. 1089.

Section 2845 states what the form of a verdict for a complainant shall include, as follows: ''Whenever the verdict of the jury or finding of the magistrate shall be for the complainant, damages shall be assessed as well for waste and injury committed upon the premises found to have been forcibly or unlawfully detained, as for all rents and profits due and owing up to the time of the rendering of the verdict or finding of the magistrate, and such verdict or finding shall also state the monthly value of the rents and profits of said premises.'' It is obvious the verdict in this case did not comply with the requirements of this provision.

The form of judgment is also prescribed. Section 2850. The judgment in this case follows the required form. But the fact the form of judgment is thus prescribed does not authorize the court to incorporate in it a matter not found by the verdict. All the sections of the statutes must be read together.

There is also a particular provision conferring limited authority to correct a verdict. Section 2848 provides: ''No verdict shall be set aside for informality, but the magistrate may in the presence of the jury, correct the same in matters of form, changing no matter of substance.'' Upon an appeal to the circuit court a case is tried anew. However the circuit court must observe the special statutory provisions governing this action. On appeal a circuit judge is bound by the provisions of Section 2848. Such a judge may in the presence of the jury correct a verdict in matters of form but may not change any matter of substance.

It must follow that if the judge may not change the verdict itself in a matter of substance, he may not do so in effect by entering a judgment upon the verdict which incorporates an award of damages not found in the verdict. To permit such an action would also violate the principle of law which is firmly established that the judgment must be supported by and conform to the verdict in all substantial particulars. Accordingly the judgment under review is clearly erroneous.

We find a situation similar to the one here in Haumueller v. Ackermann, 130 Mo. App. 387, 109 S. W. 857. There the complaint stated the value of the monthly rents to be $12.50 and prayed judgment for restitution and damages. The verdict of the jury gave damages of one cent, and found the value of the monthly rents was $87.50. But the circuit court disregarded the verdict and entered a judgment for damages for $175 being double the award of $87.50, the value of the monthly rents at $12.50 for the period the premises were detained. The appellate court found the judgment as entered was erroneous because it was of totally different tenor and effect than the verdict. "A judgment must follow the verdict, except that it shall be for double the damages and the value of the monthly rents and profits as found by the jury."

In Kaimann v. Kaimann (Mo. App.) 182 S. W. (2d) 458 the verdict of the jury assessed damages at "no dollars" and found the value of the monthly rents was $2760. The trial court undertook to correct the verdict to show aggregate damages of $2760, and the value of the monthly rents at $460. It entered its judgment accordingly. The judgment was found to be erroneous. The appellate court held that the matters which the trial court undertook to correct were in no sense irregularities in form or clerical errors in the verdict, but instead were matters of substance essential to the determination of the case, which the jury were required to pass upon in making up its verdict. These were matters which the court was powerless to correct after the verdict had been received and the jury finally discharged; and the judgment entered upon the altered verdict would not be allowed to stand.

[352] The two courts of appeals' decisions do not depart from the holding of this court in the early case of Gibson v. Lewis, 27 Mo. 532. There the verdict of the jury in an unlawful detainer case expressly allowed damages at the rate of $2.16½ per month for the unlawful detention of the premises, without computing the aggregate amount of the damages. This court held since the jury had stated in the verdict that plaintiff was entitled to recover such damages from a certain date at a certain monthly rate that the verdict was merely informal in omitting to state the aggregate sum because "it can be ascertained and rendered certain by a simple operation in arithmetic." But in the instant case the jury did not attempt by its verdict to allow any such damages, so the above case is not apposite on the facts. Nor does the rule finally established in Home Trust Co. v. Josephson, 339 Mo. 170, 95 S. W. (2d) 1148, after earlier conflicting and contrary decisions, apply here. That rule permits the trial court to direct a verdict for a stated amount of money, and to compute interest where it is only a matter of mathematical computation. But such rule is limited to those cases where the amount if recovery be had is not disputed, and the computation of interest is admittedly

correct. We have the opposite situation in the present case. The monthly rental value to be used in determining the damages for past rents is a fact over which the parties are in violent dispute. In such circumstances the trial court is not authorized in a jury trial to determine such dispute; that action is for the jury.

There is another question for decision. May the circuit court strike a defendant's motion for new trial from the files for failure to comply with an order for an additional bond?

On this question the facts are these. The suit was originally brought against four individual defendants. After appeal to the circuit court a motion for additional bond was sustained. The court ordered: "Wherefore it is ordered and adjudged by the court that *defendant* file additional bond . . . " An additional bond was filed by one of the defendants only, Bessie Kavorinos. The bond was formally approved by the court, and the trial commenced. At the close of her case plaintiff dismissed as to Bessie Kavorinos and the other two defendants, leaving James Kavorinos as the sole defendant. The jury returned a verdict against him, and the court rendered its judgment against him. Both James and Bessie Kavorinos filed motions for a new trial. Thereupon plaintiff filed a motion to strike James' motion for new trial from the files on the ground he had not complied with the order requiring "defendant" to file an additional bond. The court sustained the motion, and struck James' motion for new trial from the files. Sometime after the appeal was taken, the court amended its order for an additional bond by an entry nunc pro tunc by changing the word defendant to defendants. Its corrected order required defendants to give additional bond. We may assume such order has been complied with. But be that as it may, we find no authority, statutory or otherwise, which permits the trial court in this type of action to strike a motion for new trial from the files for failure to file a new bond as ordered, and thus prevent or invalidate an appeal. Under certain circumstances courts are authorized to strike pleadings of a recalcitrant party. 37 Am. Jur. p. 517. But we do not have such a situation her.

Section 2899 of the statutes governing unlawful detainer authorizes the circuit court to affirm the judgment or dismiss the appeal if appellant fails to obey an order for a new bond. Where the precise penalty is prescribed by statute the courts are usually limited to such penalty and may not arbitrarily impose others. Such penalty was held to be exclusive in Schwoerner v. Christophel, 64 Mo. App. 81.

Furthermore there was a literal compliance with the court's original order. Of course an order for "defendant" to file an additional bond was intended to refer to all four defendants. However only one defendant filed such bond. The court entered an order approving the new bond, and proceeded with the trial without any objection by plaintiff. In view of these facts no penalties of any kind should

1160

have [353] been imposed before the order was amended to cover all defendants, and they were given an opportunity to comply with the amended order.

We hold the court had no authority to strike the motion for new trial from the files.

A final question concerns the right of Bessie Kavorinos to appeal since plaintiff dismissed as to her, and no judgment was rendered against her.

The rule is well established that there is no appeal by a defendant from a voluntary dismissal as to him because he is not an aggrieved party within the meaning of the statute. allowing appeals. Segall v. Garlichs, 313 Mo. 406, 281 S. W. 693; Holdridge v. Marsh, 28 Mo. App. 283.

Consequently the appeal of Bessie Kavorinos should be dismissed.

As to James Kavorinos the judgment. should be reversed and the cause remanded for a new trial, in order that a proper verdict may be given, and judgment entered accordingly.

It is so ordered. All concur.