STATE ex rel. STATE HIGHWAY COM-
MISSION of Missouri, Respondent,

v.

Philip R. LYNCH and Leati A. Lynch,
Appellants.

No. 45325.

Supreme Court of Missouri.

Division No. 2.

Dec. 10, 1956.

Motion for Rehearing or to Transfer to
Court en Banc Denied Jan. 14, 1957.

Miller, Fairman & Sanford, John H.
Fairman, Springfield, for appellants.

Robert L. Hyder, Minor C. Livesay, Jef-
ferson City, for respondent.

BOHLING, Commissioner.

On July 21, 1955, the State of Missouri
ex rel. State Highway Commission of Mis-
souri, relator, instituted a condemnation
action against Philip R. Lynch and Leati
A. Lynch and other defendants. This is
an appeal by the above named defendants
from an order sustaining the written dis-
missal by relator of the action against them.
Defendants state they are abutting property
owners along U. S. Route 66 with the right
of direct access to, from and across the
highway involved, a valuable property
right; that they are statutory and neces-
sary parties to the condemnation action,
and that they may not be deprived of their
property rights without the payment of
just compensation as required by art. I,
§ 26, Mo.Const. V.A.M.S., and the equal

protection and due process provisions of the State (art. I, § 10) and Federal (Amend. 14) constitutions. Defendants' property abuts the highway right of way on the north.

Relator's right to proceed with its condemnation action is not questioned. Consult Mo. Const. art. IV, §§ 29, 30, Chapters 226 and 227. (Statutory references are to RSMo 1949 and V.A.M.S. unless otherwise indicated.) Among other powers, relator is vested with "authority to limit access to, from and across state highways where the public interest and safety may require, subject to such limitations and conditions as may be imposed by law." Mo. Const. art. IV, § 29. The provisions of Chapter 523 are applicable to condemnation actions instituted by relator. §§ 226.270, 227.120(13).

The record discloses that the condemnation action contemplated the improvement of 9.189 miles of U. S. Route 66 by establishing a limited-access highway or "thruway," with granular type outer or service roads on the existing right of way for entrance and exit to and from the thruway of Route 66; and to that end it was sought to acquire certain easements for right of way purposes and other easements and rights in connection with lands particularly described in the petition. In some instances it was sought to acquire the abutting landowner's right of direct access to U. S. Route 66.

Relator alleged in its petition:

"5. Relator has in compliance with law found, determined, and declared that the public interest and safety require that direct access, and rights of direct access to, from, and across said section of State highway be limited as indicated on said plans; that, except at locations and as otherwise specifically shown on said plans, no abutters' rights in, or of direct access to, from, or across the highway or its right-of-way shall attach or belong to any prop-erty abutting on said section of high-way, or to any person merely because of ownership of such abutting property; and there shall be the usual right of access over any location shown on said plans as an entrance or where any such entrance, underpass, or an open public highway is being maintained by the governmental agency having authority therefor; *that wherever an adjacent outer-roadway is so shown or maintained, there shall be the usual right of direct access between the abutting property and such outer-roadway, and along it to and from the nearest lane of the thruway or a public highway;* that, however, during all times while an outer-roadway is being so maintained, there shall be no right of access over any part of an entrance which lies between said outer-roadway and the thruway. * * *" (Emphasis supplied.)

Relator originally sought a 5 foot by 80 foot strip of defendants' abutting land for a drain, the petition reading:

"9.00 Lands, properties or interests, ownership of, or legal rights in which are claimed by Philip R. Lynch, Leati A. Lynch, to wit:

"9.10 An easement for right of way for a highway now known as U. S. Route 66, across the following 0.01 acre, more or less.

"9.11 That part of the NW¼ of NW¼ of Section 29, T. 36 N., R. 11 W, * * * [Here follows a description of the 0.01 acre, which need not be set out]."

On October 3, 1955, relator, prior to any hearing on its petition, filed a motion to dismiss "its cause of action against the defendants Philip R. Lynch and Leati A. Lynch, who are described in relator's petition as having interests or ownership of lands or properties as set out in paragraph 9.11 of relator's petition herein."

On October 7, 1955, defendants filed a "reply" to relator's motion to dismiss, raising the issues here presented.

After a hearing, the court entered its order reading: "Plaintiff's Motion to Dismiss as to defendants Philip R. Lynch and Leati Lynch sustained and cause dismissed as to them."

■ Defendants argue that they have a predetermined abutters' property right of access directly from their property to, from and across U. S. Route 66, and that they are statutory and necessary parties under § 523.010 to the condemnation action. Kansas City Interurban R. Co. v. Davis, 197 Mo. 669, 680(II), 95 S.W. 881, 883(2), 114 Am.St.Rep. 790; Anderson v. Pemberton, 89 Mo. 61, 65(II), 1 S.W. 216, 217(2). Consult § 507.030.

At the time of the decisions in the Kansas City Interurban R. Co., 1906, and Anderson, 1886, cases, now § 523.010(1) (see § 1264, R.S.1899) read, in part, with respect to the petition: " * * * to which petition the owners of all such parcels as lie within the county or circuit shall be made parties defendants, by name, if the names are known, and by the description of the unknown owners of the lands therein described, if their names are unknown." Following the Kansas City Interurban R. Co. case, said § 1264 was amended by Laws 1907, p. 165, to read: " * * * to which petition the owners of any or all, as the plaintiff may elect, of such parcels as lie within the county or circuit may be made parties defendant, by name, if the names are known, and by the description of the unknown owners of the lands therein described, if their names are unknown." This amendment has remained in force and effect. See § 523.010. Section 1267, R.S.1899, now § 523.020, reads: "Any number of owners, residents in the same county or circuit, may be joined in one petition, and the damages to each shall be separately assessed by the same commissioners."

State ex rel. State Highway Commission of Missouri v. Allison, Mo., 296 S.W. 2d 104, was a mandamus proceeding to compel the trial court to proceed in relator's condemnation action, the court having entered an order staying proceedings on certain petitions to intervene until the determination of the instant appeal, and in which excerpts from the instant record were before Court en Banc. We there stated: "While Secs. 523.010 and 523.020 RSMo 1949 provided that the condemner may join as defendants in one petition, the owners of such parcels of land as plaintiff may elect which lie within the county or circuit, there is no requirement that all parcels sought to be condemned in any county or circuit be joined in the one petition and, even if joined, provision is expressly made for the separate assessment of damages. Secs. 523.020, 523.040 and 523.050 RSMo 1949." See Union El. L. & P. Co. v. Dawson, 228 Mo.App. 1224, 78 S.W.2d 867, 870 [1].

Defendants' complaints are that the new construction will deprive them of their former direct access over the highway right of way to the paved portion of U. S. Route 66, which is to be a divided highway at that point, in that they will have to use the granular surfaced outer or service road as a traveler on the highway to entryways between said service road and the thruway, there being 1,600 feet between said entryways to the thruway at the point in question; and that the new construction will cause water to overflow their land to their damage. Relator did not seek to acquire defendants' right of direct access between defendants' land and the highway right of way. Our rulings are " 'that *all* damages to which the constitutional provision refers are consequential except (1) those resulting from the actual taking of land; (2) and those occasioned to the remainder of a tract by the taking of a part thereof.' " Hill-Behan Lumber Co.

v. Skrainka Const. Co., 341 Mo. 156, 106 S.W.2d 483, 485. Defendants would have no claim prior to the infliction of the alleged damages; and relator, following the dismissal, could obtain no judgment affecting defendants or their property. State ex rel. State Highway Comm. of Missouri v. Allison, supra; Laclede Gas Co. v. Abrahamson, Mo., 296 S.W.2d 100.

The Code of Civil Procedure authorizes a plaintiff to dismiss an action without prejudice at any time before final submission to the court or jury. § 510.-130(1); Stith v. J. J. Newberry Co., 336 Mo. 467, 79 S.W.2d 447, 461 [39–46]; Fenton v. Thompson, 352 Mo. 199, 176 S.W.2d 456, 463 [10–17]; Camden v. St. Louis Pub. Serv. Co., 239 Mo.App. 1199, 206 S.W.2d 699, 705. The right of appeal exists only as provided by statute, Segall v. Garlichs, 313 Mo. 406, 281 S.W. 693 [4, 5], and it is well established that a defendant may not appeal from a voluntary dismissal as to him because he is not aggrieved within the meaning of § 512.020. McIlvain v. Kavorinos, 358 Mo. 1153, 219 S.W.2d 349, 353 [13]; City of Marionville v. Frazier, Mo.App., 242 S.W.2d 737, 738.

In the circumstances of record defendants are not necessary parties to the condemnation action and such damages as they may sustain are consequential in nature. It follows that they are not aggrieved by plaintiff's voluntary dismissal of the action as to them, and had no right of appeal. Accordingly, the appeal is dismissed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.