**Monte R. STUBBLEFIELD**
**and**
**Letha Mae Stubblefield, Respondents,**

**v.**

**Tom SEALS, Appellant.**

**No. 25920.**

Missouri Court of Appeals,
Kansas City District.

Sept. 7, 1972.

Robert Devoy and Richard N. Brown, Brookfield, for defendant-appellant.

James J. Wheeler, Keytesville, for plaintiffs-respondents.

SWOFFORD, Judge.

The parties will be referred to herein as they were below.

Plaintiffs brought suit for damages for personal injuries and loss of services against the defendant, arising out of an automobile collision. The suit was filed on July 27, 1967, and on November 8, 1967, the defendant filed his answer in the nature of a general denial.

Two years after the suit was filed and on July 24, 1969, defendant filed a set of written interrogatories under Rule 56.01, Rules of Civil Procedure, V.A.M.R. Although some of these interrogatories were clearly subject to objection, the plaintiffs did not file any objections and did not answer these interrogatories until December 16, 1969. A review of the interrogatory answers shows that several of them were incomplete and three of the interrogatories were not answered at all.

The defendant filed on December 31, 1969 a motion to compel plaintiffs to answer interrogatories, which motion was sustained on January 6, 1970, and a supplemental order sustaining the motion to compel answers to interrogatories not covered in the December 31, 1969 order, was entered on February 16, 1971.

On May 7, 1971, defendant filed a motion for judgment by default, or in the alternative, for an order striking the plaintiffs' pleadings under Rule 61.01, Rules of Civil Procedure.

On May 12, 1971, an entry was made on the court's minutes which reads:

"Motion for judgment presented and passed to May 25 to be sustained if full compliance has not been made to previous orders."

No formal order or judgment appears in the record covering this ruling.

On May 24, 1971, plaintiffs filed their motion to dismiss, without prejudice, which stated:

"Come now the above named Plaintiffs and move the Court for an Order dismissing Plaintiff's Petition heretofore filed in this cause without prejudice."

Thereafter and on June 14, 1971, the trial court's minutes contained the entry:

"Plaintiffs motion to Dismiss without prejudice sustained. Cause dismissed without prejudice."

Thereafter and on June 24, 1971, defendant filed motion to amend judgment, wherein he related the above history and requested that the judgment of June 14, 1971 be amended to show dismissal *with prejudice*. This motion was later supplemented by brief and suggestions filed July 10, 1971.

The trial court took no further action, and on September 28, 1971, the defendant filed his notice of appeal to this court:

"from the Trial Court's automatic (by lapse of time under Civil Rule 82.05) overruling of said defendant's motion to amend judgment entered in this action on the 24th day of June, 1971."

It is the position of the defendant, that the court erred in dismissing this cause *without prejudice* rather than *with prejudice*, and that the order of the court of June 14, 1971 sustaining plaintiffs' motion to dismiss *without prejudice* was a nullity in the light of the court's order of May 12, 1971, which latter order, defendant asserts, was self-executing on May 25, 1971, and that as a result of the dismissal *without prejudice,* the plaintiffs were given an undue advantage and defendant was improperly prejudiced. The position of the plaintiffs is that the trial court did not err and that the plaintiffs under Rule 67.01, Rules of Civil Procedure, had the unqualified right to dismiss their action without prejudice and that the motive or reason therefor is immaterial.

It is, to say the least, an unusual situation, where a defendant objects to the dismissal of a damage action based upon neg-

ligence pending against him. However, it cannot be denied that a dismissal *without prejudice* would permit the refiling of the suit and that the dismissal sought *with prejudice* might terminate the matter, except for a possible appeal by the plaintiffs.

 The question of the jurisdiction of this court on appeal is apparent and it is our duty, *sua sponte,* to determine whether we have jurisdiction of this appeal although the parties stand mute on the subject. Unless the complaints brought to us are from final appealable orders or judgments and the appellant is a party aggrieved thereby, we are without jurisdiction. City of Hannibal v. Winchester, Mo.App., 360 S.W.2d 371; Chuning v. Calvert, Mo.App., 452 S.W.2d 580; Beezley v. National Life & Accident Ins. Co., Mo. App., 464 S.W.2d 535; Section 512.020 V. A.M.S., and cases cited Missouri Digest, Vol. 2, Appeal and Error, ☞23, page 595.

In respects other than those noted above, this is an unusual situation. The notice of appeal states that the appeal is from the automatic overruling under Rule 82.05 (now Rule 81.05) of defendant's motion to amend judgment. This was not a jury case, neither was there a *trial* before a court without a jury. This cannot, therefore, be a situation where a motion for a "new trial" has been made and overruled. In that event, the appeal could not be from the order overruling the motion, but only from the judgment. Woods v. Cantrell, 356 Mo. 194, 201 S.W.2d 311; Mills v. Berry, Mo.App., 395 S.W.2d 228.

In the case of other authorized after trial motions, such as, under Rule 73.01(c), Rules of Civil Procedure, in court-tried cases to amend judgments, the appeal is also from the judgment, not from the order overruling the motion.

 However, if substantial compliance has been had with the provisions of Rule 82.04 (now Rule 81.04), Rules of Civil Procedure, the notice will be deemed sufficient. The only jurisdictional require-

ment of this rule is that the notice be timely filed. The averments in the notice are to be liberally construed so as to permit appellate review so long as the opposing party is not misled. A fault in the averments in the notice is not jurisdictional. Weller v. Hayes Truck Lines, Mo.App., 192 S.W.2d 677, (Mo.Sup. on transfer), 355 Mo. 695, 197 S.W.2d 657. We, therefore, rule that the timely notice given here would permit appellate review, if we otherwise have jurisdiction.

A plaintiff is given the right to voluntarily dismiss his action by statute and rule. Section 510.130 V.A.M.S. provides in part as follows:

*"Voluntary dismissal—New Trial.*

1. A plaintiff shall be allowed to dismiss his action without prejudice at any time before the same is finally submitted to the jury, or to the court sitting as a jury, or to the court, and not afterward. * * *"

This provision is also found in Rule 67.-01, Rules of Civil Procedure.

It has generally been held that a voluntary dismissal under this statutory law is not reviewable upon appeal. Piatt v. Heim & Overly Realty Co., 342 Mo. 772, 117 S. W.2d 327; City of Marionville v. Frazier, Mo.App., 242 S.W.2d 737; State ex rel. State Highway Commission v. Lynch, Mo. Sup., 297 S.W.2d 400.

 It has also been properly held that the defendant in most cases which have been voluntarily dismissed by the plaintiff under this statute, cannot appeal from such dismissal because he is not an "aggrieved" party within the meaning of Section 512.-020 V.A.M.S. McIlvain v. Kavorinos, en Banc, 358 Mo. 1153, 219 S.W.2d 349; Aubuchon v. Ayers, Mo.App., 400 S.W.2d 472; City of Marionville v. Frazier, supra; State ex rel. State Highway Commission v. Lynch, supra.

Such a right to voluntary dismissal without prejudice by the plaintiff of his cause

of action, however, is not an absolute right, and there is at least one well defined exception to the rule, which is well stated in the case of Smith v. Taylor, Mo.App., 289 S.W.2d 134, where the trial court denied plaintiff's request to voluntarily dismiss.

The court said, l. c. 140:

"We think the law is well settled that the right to dismiss a cause of action without prejudice under section 510.130 V.A.M.S., is not an absolute right. * * *

* * * * * *

We agree with defendant that plaintiff did not have an absolute right under the Code to take a voluntary dismissal without prejudice, yet, the right to dismiss has been a well established right throughout all of our procedure. *The evidence must show defendant would be injured.* We think the mere fact that plaintiff would bring another action against defendant is not such an injury as would justify the court in denying plaintiff's request to take a voluntary dismissal. Defendant *must show* that some undue advantage would be given plaintiff by such dismissal or that under the circumstances defendant would lose some right of defense before the injury would justify the trial court's action." (Emphasis added.)

In Kerr v. Grand Foundries, Inc., Mo. Sup., 451 S.W.2d 26, the court held that there must be some finding of loss of some right by defendant. It was said in Kerr, l. c. 29:

"It should be noted that appellant *introduced no evidence* relating to either of the two reasons for not allowing a dismissal without prejudice." (Emphasis added.) Following this same rule are Rozen v. Grattan, Mo.App., 369 S.W.2d 882, and Dallavalle v. Berry Grant Co., Mo.App., 462 S.W.2d 175.

■ It is appropriate to state at this point that this court adopts and follows the principle that the right of a plaintiff to dismiss his cause of action voluntarily and without prejudice is deeply engrained in our statutory, rule and decisional law, and should be freely granted and not be lightly abridged. This right is not absolute, but is only confined by the restrictions of the statute of limitations of one year for refiling (Section 516.230 V.A.M.S.); can only be permitted one time (Section 510.130 V. A.M.S.); and is encumbered by the further restriction of the decisional principle of Smith v. Taylor, supra.

■ To overcome this right, the defendant must bear the burden of proof that the voluntary dismissal results in (1) an undue advantage to the dismissing plaintiff; or (2) that by reason of such dismissal, the defendant would suffer an undue loss of a valuable defensive right. These propositions do not prove themselves. The fact that plaintiff may refile the claim does not satisfy the requirement. Substantially more is necessary.

What has the defendant presented to the trial court or here, to warrant that plaintiff be deprived of this right?

His answer was a general denial, setting forth no affirmative defense counterclaim or cross claim.

His motion for default judgment or to strike pleadings, filed May 7, 1971, characterizes the plaintiffs as "disobedient", and that it was "virtually impossible" for him to prepare his defense. It was unverified, and no evidence in support was apparently offered.

His motion to amend judgment, filed June 24, 1971 (it appears as part of the transcript, but no record of its filing appears on the court's official minutes), after the voluntary dismissal, alleges that the plaintiffs' income tax returns, as requested in his interrogatories, have become unavailable by reason of some alleged rule of the Federal Internal Revenue Service and the State taxing authorities because they were destroyed after three years, and. that

he had been deprived of "other items of information" and that defense leads and investigative trails had become "cold and most difficult to follow". This motion was unverified, unaccompanied by affidavits, and no evidence was offered in support thereof.

■ It can be taken as an accepted fact, recognized in our decisional law, that in most cases, wherein a plaintiff voluntarily dismisses his cause of action, he does so under some judicial compulsion or professional expediency. Such position does not, ipso facto, make the plaintiff "disobedient" or the act of dismissal improper.

■ We hold that under the state of the record before us, the trial court had no alternative but to sustain plaintiffs' motion to dismiss without prejudice, and the defendant is not an "aggrieved" party, capable of filing or maintaining this appeal, and that, therefore, we are without jurisdiction.

It is apparent that in so ruling, we have not only tested our jurisdiction sua sponte, but also in so doing have ruled this appeal upon its merits. Our ruling in legal effect is a holding not only that we lack jurisdiction, but also, that the record does not bring the defendant within the exception of the rule in Smith v. Taylor, supra, and subsequent decisions.

This anomalous situation confronted the St. Louis Court of Appeals in Aubuchon v. Ayers, Mo.App., 400 S.W.2d 472, except that its jurisdiction there was tested by motion which the court took with the case. That is a distinction without a difference, however, and we can adopt with equal logic the statement of our sister court at 1. c. 473:

"* * * It should be pointed out what little difference exists as to whether the decision in the instant appeal be ruled upon the motion to dismiss or upon the merits of the appeal is one of form and not of substance. This for the reason that a party cannot appeal unless he is 'aggrieved' by the final judgment of the trial court. That is merely another way of saying that the party 'aggrieved' has shown he will lose some right of defense or the other party will gain some undue advantage if allowed to dismiss without prejudice, and this has been held to be the proper scope of inquiry in determining whether a party should be allowed to dismiss without prejudice. * * * For that reason we will rule this appeal upon the motion to dismiss the appeal on the ground the defendant was not aggrieved by the trial court's ruling. It should be noted that a ruling upon the motion constitutes, in effect at least, a ruling upon the merits and in this respect the instant case is somewhat unusual."

■ It is appropriate to comment also, that this court has carefully read the authorities cited by the defendant (and other decisions) in support of his position that the entry on the court's minutes of May 12, 1971, continuing defendant's motion for default to May 25, 1971, was a "self-executing" judgment and we do not find them in point or analogous. We hold that the court's minute entry was not such a "judgment" but required further decisional action by the trial court in the light of the situation that might exist on May 25, 1971. The situation on this latter date was that plaintiffs had already taken steps to voluntarily dismiss the action without prejudice, as they were empowered to do under the statute.

The appeal is dismissed for lack of jurisdiction.

It is so ordered.

All concur.