Irene DANIEL, Plaintiff-Respondent,

v.

LACLEDE GAS COMPANY,
Defendant-Appellant.

No. 38893.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Nov. 7, 1978.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 15, 1978.

Paul B. Hunker, Jr., Morris E. Stokes, Silver & Suffian, Marvin Q. Silver, St. Louis, for defendant-appellant.

Cox, Moffitt & Cox, Dallas W. Cox, Jr., St. Louis, for plaintiff-respondent.

KELLY, Judge.

Laclede Gas Company, the defendant in the trial court, appeals from the order of the trial court sustaining the motion for new trial filed by the plaintiff, Irene Daniel, following an adverse jury verdict.[1] In sustaining the plaintiff's motion for new trial, the trial court did so on four stated grounds; however, inasmuch as one of the grounds for granting the new trial was the trial court's failure to grant plaintiff's motion for a voluntary non-suit, made during her case and prior to the submission of the cause to the jury, we find it unnecessary to consider whether there was any error in sustaining the motion on those other grounds, and we affirm.

This case is a suit for damages against the Laclede Gas Company arising out of a fire which damaged the plaintiff's mobile home in which the defendant converted a water heater from propane to natural gas and in so doing redrilled the orifice on the water heater to enlarge it so that a greater flow of gas would result.[2] On the same day this was accomplished, December 4, 1974, a fire occurred destroying the mobile home and all of the plaintiff's possessions.

---

1. The parties shall continue to be identified by the titles assigned to them in the trial court.

2. Prior to trial the defendant Laclede Gas Company, with leave of court, filed a third-party petition bringing in Schwaig Enterprises, d/b/a Great Midwest Mobile Homes, the business enterprise which sold the trailer to the plaintiff under the provisions of Rule 52.11(a) on the ground that it was the negligence of the third party defendant which was the direct and proximate cause of fire and damages sustained by the plaintiff. At the close of all of the evidence the trial court sustained the motion to dismiss filed by the third party defendant on the grounds that there was no evidence offered or received which raised a jury issue on the allegations of negligence contained in the third party plaintiff's petition, nor to prove the third party defendant guilty of any negligence, and that the proximate cause of the occurrence in question was not any negligence of the third party defendant. The propriety of this ruling was not raised by either of the parties to this appeal and we have not considered it nor the effect our holding will have on the third party claim, if any.

During the trial, and during cross-examination of plaintiff's expert witness, John Edward Stuerwald, plaintiff's counsel requested that plaintiff be allowed to take a voluntary non-suit prior to closing plaintiff's case. The trial court, after some discussion, denied plaintiff's motion for a voluntary non-suit.

■ Rule 67.01 provides that after the introduction of evidence is commenced, a plaintiff may dismiss his action without prejudice only by leave of court or by written consent of the adverse party. Although this right is not absolute, it should be freely granted and not lightly abridged. *Stubblefield v. Seals*, 485 S.W.2d 126, 130[6] (Mo.App.1972); *Wilkins v. Cash Register Service Company*, 518 S.W.2d 736, 743[1, 2] (Mo.App.1975). "The right to voluntarily dismiss without prejudice before submission should be qualified to the extent that if there be a finding that the defendant will lose some right of defense, or the plaintiff will gain some undue advantage, leave to dismiss should not be granted." *Kerr v. Grand Foundries, Inc.*, 451 S.W.2d 26, 29[3] (Mo.1970). ". . . [T]hat plaintiff would bring another action against defendant is not such an injury as would justify the court in denying plaintiff's request to take a voluntary dismissal." *Stubblefield v. Seals*, supra, 485 S.W.2d 126, l.c. 130; *Smith v. Taylor*, 289 S.W.2d 134, 140[8] (Mo.App. 1956). Defendant has not demonstrated, either here or in the trial court, that plaintiff would enjoy any undue advantage had the trial court granted plaintiff's motion for a voluntary non-suit, nor has it shown that under such circumstances it would lose some right of defense that it had.

■ We hold that the trial court erred in refusing plaintiff's request for a voluntary non-suit, that it properly took cognizance of this error when it employed it as a ground for granting plaintiff's motion for a new trial, and we affirm the trial court's ruling granting plaintiff a new trial on that ground.

GUNN, P. J., and WEIER, J., concur.