**CITY OF INDEPENDENCE, Missouri, Respondent,**

v.

**BOB McLAUGHLIN CONSTRUCTION CO., Appellant.**

**No. WD 30839.**

Missouri Court of Appeals, Western District.

March 3, 1980.

---

Gregory O. Grounds, Jones, McDaniel & Frankum, Kansas City, for appellant.

Thomas D. Cochran, Asst. City Counselor, Independence, for respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

SOMERVILLE, Judge.

The City of Independence, Missouri (City), filed suit in two counts against Bob McLaughlin Construction Co. (McLaughlin) and Country Squire Mobile Home Parks, Inc. (Country Squire). In count one the City sought damages against McLaughlin and Country Squire for breach of contract and in count two sought reimbursement for "sewerage services" rendered Country Squire plus attorney fees.

By way of answer to count one of the City's petition, McLaughlin specifically denied that it had signed or executed the contract upon which the City's claim for damages under count one was posited.

Before trial the City voluntarily dismissed its cause of action against McLaughlin under count one and the matter then proceeded to trial solely against Country Squire on both counts of the City's petition. The case was bench tried and resulted in a judgment in favor of the City and against Country Squire on both counts.

So far as here pertinent the notice of appeal filed in said case recites that "[n]otice is given that defendant, Bob McLaughlin Construction Company, appeals from the judgment entered in this action on the 20th day of February, 1979."

It is unnecessary to recite any further facts because the City contends on appeal, albeit correctly, that McLaughlin, who took the appeal, was not an aggrieved party.

Rule 81.08(a), in part, provides as follows: "(a) Notice of Appeal. *The notice of appeal shall specify the parties taking the appeal,* the judgment or order appealed from, the court to which the appeal is taken, . . . ." (Emphasis added.)

Section 512.020, RSMo 1978, in part, provides as follows: "512.020. Who may appeal. *Any party to a suit aggrieved by any judgment* of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his appeal to a court having appellate jurisdiction from . . . any final judgment . . . .." (Emphasis added.)

It is patent that Country Squire rather than McLaughlin was the aggrieved party. As succinctly noted in *McIlvain v.*

**792**

Kavorinos, 358 Mo. 1153, 219 S.W.2d 349, 353 (banc 1949), "[t]he rule is well established that there is no appeal by a defendant from a voluntary dismissal as to him because he is not an aggrieved party within the meaning of the statute allowing appeals." Country Squire attempts to mitigate the party discrepancy on appeal by arguing that since Bob McLaughlin is president of both corporate defendants, the discrepancy is purely technical. Essentially the same argument was rejected in *In·Re Estate of Hill*, 435 S.W.2d 722 (Mo.App. 1968), where a widow who filed a notice of appeal in her capacity as administratrix rather than in her individual capacity was denied relief. The court held that the widow was aggrieved by the judgment below in her individual capacity and not in her capacity as administratrix, and since the widow, as administratrix and as an individual, in contemplation of the law, were two separate and distinct individuals, even though embodied in one and the same person, the widow in her capacity as administratrix was not an aggrieved party for the purpose of appeal. Ordinarily separate corporations, notwithstanding a common identity of officers, are separate and distinct legal entities. *Blackwell Printing Co. v. Blackwell-Wielandy Co.*, 440 S.W.2d 433, 437 (Mo.1969).

As appellate jurisdiction does not extend to determination of an appeal upon its merits unless the party appealing has been aggrieved by the judgment entered, *In Re Estate of Hill, supra*, McLaughlin's appeal must be dismissed.

Appeal dismissed.

All concur.