**KILLIAN CONSTRUCTION COMPANY,**
**Plaintiff-Respondent,**

v.

**TRI–CITY CONSTRUCTION COMPANY,**
**Defendant-Appellant.**

**No. 33012.**

Missouri Court of Appeals,
Western District.

March 30, 1982.

Harold L. Fridkin, Richard D. Rhyne, Kansas City, for defendant-appellant.

Donald R. Duncan, Springfield, for plaintiff-respondent.

Before NUGENT, P. J., and TURNAGE and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

Defendant-appellant Tri-City Construction Company appeals an order of the trial court granting plaintiff-respondent Killian Construction Company leave to dismiss its petition without prejudice after plaintiff had presented part of its case to the jury on a claim for breach of contract.

Rule 67.01 provides that leave of court to dismiss a plaintiff's cause without prejudice "shall be freely granted when justice so requires." In the instant case, there was a two day trial in which plaintiff had presented four witnesses, read portions of a deposition of another witness and introduced four exhibits into evidence. After defendant's objection to a question asked of plaintiff's fourth witness was sustained, plaintiff moved for a voluntary dismissal. The trial court ordered the cause dismissed, after which defendant filed a motion to amend that order to declare the dismissal "with prejudice", or in the alternative, to order

plaintiff to pay defendant $17,816.10 in costs and attorney fees. The trial court denied defendant's motion, and this appeal followed. There had been no prior request for leave to dismiss.

 Although neither party has questioned this court's jurisdiction, this court must *sua sponte* inquire into whether the trial court's order was a final appealable judgment. *Caudle v. Kelley*, 545 S.W.2d 427, 428–429 (Mo.App.1976); *Stubblefield v. Seals*, 485 S.W.2d 126, 129 (Mo.App.1972).

The law in Missouri is clear that a defendant may not appeal the grant of a voluntary dismissal, as he is not an "aggrieved party" for the purpose of an appeal. *State ex rel. Highway Commission v. Lynch*, 297 S.W.2d 400, 403 (Mo. banc 1956); *City of Independence v. Bob McLaughlin Construction Co.*, 595 S.W.2d 790, 792 (Mo. App.1980); *Stubblefield v. Seals, supra.* See § 512.020, RSMo 1978.

This appeal is dismissed for lack of jurisdiction.

Plaintiff's request for damages under Rule 84.19 is denied.