Patricia J. **BROCKMAN** and Robert J. Brockman, Plaintiffs-Respondents,

v.

Dr. In Kook **LEE**, Defendant-Appellant.

No. 44516.

Missouri Court of Appeals, Eastern District, Division Three.

May 11, 1982.

Motion for Rehearing and/or Transfer Denied July 16, 1982.

William W. Eckelkamp, Robert W. Freeman, Springfield, for defendant-appellant.

James F. Koester, Allan R. Belliveau, St. Louis, for plaintiffs-respondents.

CLEMENS, Senior Judge.

Action for alleged medical malpractice. After plaintiff had testified the trial court let her dismiss without prejudice, at plaintiff's costs. Defendant has appealed.

Here defendant contends the trial court abused its discretion because (1) another trial will cause him loss of money and convenience, (2) the dismissal is contrary to law and (3) the order denied him an allowance for his attorney fees and expenses. These in turn.

Plaintiff pleaded and testified defendant performed a hysterectomy, removal of a tumor, and related procedures, and in doing so left an opening between her vagina and rectum which allowed fecal matter to flow from her vagina; that she had further surgery by another doctor to correct the initial surgical defect.

At trial plaintiff attempted to introduce three hospital records covering the initial surgery, the post-surgical examination, and the ensuing corrective surgery. The court sustained defendant's objection to the parts of statements in the exhibits it considered to be hearsay.[1]

Thereupon the court made the ruling defendant now challenges: allowing plaintiff to dismiss her petition without prejudice.

We consider together defendant's two points that the non-prejudicial dismissal was contrary to law; this because it caused him inconvenience and expense.

Defendant acknowledges Rule 67.01 V.A. M.R. directs a trial court to let a plaintiff dismiss without prejudice at trial "when justice so requires". But defendant, citing *Stubblefield v. Seals*, 485 S.W.2d 126, l.c. 129–130 (Mo.App.), contends a non-prejudicial dismissal should not be allowed if defendant proves the dismissal gives plaintiff an undue advantage or results in the loss of a valuable defensive right.

Defendant relies primarily on *Brown v. General Motors*, 579 S.W.2d 766 (Mo.App. 1979), a products liability case; there we upheld the trial court's *denial* of plaintiff's motion to dismiss without prejudice. Plaintiff's other cited cases similarly upheld the trial court's *denial* of plaintiff's pleas to dismiss without prejudice. These cases were the converse of the case before us because here the trial court *granted* dismissal without prejudice.

In his brief defendant contends, for the reasons previously stated, that the court's refusal to dismiss plaintiff's petition with prejudice was an "abuse of discretion".

Defendant's contentions here were refuted in *Shirrell v. Missouri Edison Co.*, 535 S.W.2d 446[2] (Mo. banc 1976). There the court held an appellant carries the burden of showing the trial court abused its discretion in allowing a plaintiff to dismiss without prejudice; that "when appellate courts are called upon to apply this test, it is well to heed the words: 'If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.'" and "judicial discretion is abused when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration."

■ Here the trial court allowed plaintiff to dismiss without prejudice so that she could try again to overcome what the court had ruled was hearsay evidence. We hold that ruling, in accordance with *Shirrell* supra, was not clearly erroneous. So, we deny defendant's first two related points.

■ By his last point defendant, without citing any Missouri authority, claims the trial court erred in denying his request for attorney fees and expenses.

After the court had ordered all costs taxed against plaintiff, defense counsel orally moved the court to further tax against plaintiff defense counsel's expenses incurred in preparing for trial and on the one day of trial.

Defendant did not raise this point in his after trial motion so it has not been preserved for review. See Rule 78.07 V.A. M.R., *Hensic v. Afshari Enterprises, Inc.*, 599 S.W.2d 522[1–3] (Mo.App.1980), and *Cato v. Modglin*, 545 S.W.2d 307[1, 2] (Mo. App.1976).

Affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.

**1.** Defendant has failed to include these exhibits in the legal file or transcript.