GIBSON *et al.*, Respondents, v. LEWIS, Appellant.

1. In an action of forcible entry and detainer the jury returned the following verdict: " We, the jury, find the defendants guilty in manner and form as charged in plaintiffs' complaint; and that they took possession of the premises the 15th of November, 1854; and that they have and recover of and from the defendants damages at the rate of $2.16½ per month for the unlawful detention of said premises." *Held*, that this verdict, though informal, was sufficient to authorize thereon a judgment for restitution of the premises, and for an amount as damages equal to double the gross amount of the rents and profits at the rate of $2.16¼ per month *up to the time of trial.*

*Appeal from Butler Circuit Court.*

*Noell*, for appellants.

I. The verdict was legally insufficient to warrant the judgment. The judgment should have been arrested.

*Bland & Coleman*, for respondents.

RICHARDSON, Judge, delivered the opinion of the court.

This was an action of forcible entry and detainer, and on the trial in the circuit court the verdict was as follows : "We, the jury, find the defendants guilty in manner and form as charged in plaintiffs' complaint, and that they took possession of the premises the 15th of November, 1854 ; and that they have and recover of and from the defendants damages at the

rate of $2.16½ per month for the unlawful detention of said premises.'' The verdict is informal, but it is evident that the jury found the defendants guilty of a forcible entry on the 15th of November, 1854; that the premises had since then been detained, and that the plaintiffs ought to recover damages at the rate of $2.16½ per month since the forcible entry. On this verdict the court rendered judgment of restitution and that the plaintiffs recover as damages $169.52, but no sum was named as the monthly rents and profits to accrue from the day of the verdict until restitution should be made.

The defendants made a motion in arrest of judgment, which was overruled; and the only question here is whether the verdict will support the judgment.

Questions like this one ought never to arise, because they are so easily avoided. The court had authority to correct the verdict in matters of form in presence of the jury; and, besides, the statute not only describes all the elements of a verdict in an action like this, but furnishes two forms—one to be used in the event that the jury find for the plaintiff, and the other in the event they find for the defendant; (R. C. 1855, p. 790, § 18, 19;) and, in a case where the verdict must be different from the usual form, both forms as given by the statute could be handed to the jury—one to be signed after filling the necessary blanks if they find for the plaintiff, and the other to be returned if they find for the defendant. The seventeenth section provides that in all cases of a verdict for the complainant, damages shall be assessed as well for waste and injury committed upon the premises, as for rents and profits due and owing up to the time of finding the verdict, and the verdict shall also contain a finding of the monthly value of the rents and profits of the premises. After judgment the plaintiff may be delayed by the defendant in getting possession, and the object of the last clause of the section is to fix a sum, which is doubled by the court, that the plaintiff will be entitled to receive, in addition to the damages, to cover the time he is kept out of possession from the day of the verdict until restitution is made. The sum

found as the aggregate of the damages will include the damages for waste and injury, and also for rents and profits from the time of the entry to the trial; but the jury may not find that any waste and injury have been committed, and in that case the damages will only be for the rents and profits. The jury in this case did not find any damages on account of waste, but found that the plaintiff was entitled to recover rents and profits from November 15, 1854, to the time of the trial in May, 1858, (three years and five months and a half,) at the rate of $2.16½ per month, which produces the sum of $89.84; and though the verdict is informal in omitting to state the result, it can be ascertained and rendered certain by a simple operation in arithmetic. The law directs that judgment shall be given for double the sum assessed by the jury, and it will be observed that the judgment on this verdict is for a less sum than the plaintiff was entitled to.

The judgment does not declare the monthly rents to which the plaintiff would be entitled from the time of the verdict until restitution of the premises, and the plaintiff will therefore lose the right to demand any rents since the trial, and can only receive on the execution restitution and the damages with interest; but the defendant gains by this omission and can not complain of it.

The complaint filed before the justice is set out twice in the record. In one place the forcible entry is stated to have been on the 6th December, 1853, and in the other on the 6th December, 1854; but the year is immaterial; and admitting that the plaintiff could only recover the rents from 6th December instead of 15th November, the judgment is still for less than double the amount the plaintiff was entitled to, counting from the 6th of December.

The other judges concurring, the judgment will be affirmed.