FINLEY & MILLER, Respondents, v. W. M. MAGILL, Appellant.

Kansas City Court of Appeals, April 9, 1894.

1. **Unlawful Detainer:** DAMAGES ASSESSED FOR WHAT TIME: INSTRUCTION. An instruction in an unlawful detainer case telling the jury to assess damages from the time the defendant took possession of the premises, and not from the time of demand, is erroneous.

2. ———: WHEN COMMITTED. One does not become guilty of an unlawful detainer until demand is made and he refuses to surrender possession.

3. ———: DAMAGES PENAL: STRICT CONSTRUCTION. The statute authorizing the doubling of the damage on the judgment in unlawful detainer is penal and must be strictly construed.

*Appeal from the Dallas Circuit Court.*—HON. ARGUS COX, Judge.

REVERSED AND REMANDED.

*J. P. Nixon* for appellant.

The statute is so explicit as to need no construction. Its words are that the unlawful detainer is not committed until a written demand is made for possession. And yet the court instructed the jury that the unlawful detainer was committed from the time the defendant took possession, although demand for pos-

session was not made till nearly two months afterward. Such a principle generally applied would lead to incalculable hardships and mischief and is not within the scope of the statute. This particular provision of the statute contemplates cases where possessor is innocent and continues to be innocent until the written demand is made, and then a penalty of double damages, etc., attaches. If the construction contended for by respondent and accepted by the trial court is to be given, then it is in the power of the person entitled to possession to sit idly by and allow the innocent possessor to continue in possession as long as possible before giving written notice, in order so much the more to enrich himself with a heavier harvest of double damages and penalties.

*John S. Haymes* and *Levi Engel* for respondent.

The court fully instructed the jury on the issues relative to rents, and properly held that plaintiffs were entitled to recover rents for the whole time they were dispossessed. R. S., p. 1243, sec. 5103. *Michau v. Walsh*, 6 Mo. 346; *Gibson v. Lewis*, 27 Mo. 532; *Windsor Hotel v. Thatcher*, 15 Mo. App. 587. While under section 5089 it is perhaps true that, technically, a person is not guilty of unlawful detainer until demand made, which only means that no suit can be maintained without demand, this certainly gives no pretense for the claim that it exempts the wrongdoer from the payment of rent during his unlawful occupancy (R. S., sec. 5087). Has the law such a tender regard for a wrongdoer that it has or can deprive the owner of his constitutional property rights? It is no hardship to say that when one person holds the possession of another's property to his own use that he shall pay to the owner the value of its use. Let him who wishes to

avoid the payment of "double damages" refrain from unlawfully taking another's property or give it up without notice.

SMITH, P. J.—Action for damages for unlawful detainer after demand made in writing. The plaintiffs had judgment in the court below and the defendant has appealed. The complaint was based on section 5089, Revised Statutes.

The court by the instructions given for the plaintiffs submitted the case to the jury upon the theory that the damages should be assessed from the time that defendants took possession of the premises and not from the time of the making of the written demand for possession. It seems the defendants took possession in December, 1891, and the demand was not made until the tenth of February, 1892.

Section 5103, Revised Statutes, provides that whenever the verdict of the jury shall be for the complainant, the damages shall be assessed as well for the waste and injury committed upon the premises found to have been forcibly or unlawfully detained as for all rents and profits due and owing up to the time of rendering the verdict, and such verdict shall also state the monthly value of the rents and profits of said premises. The damages thus required to be assessed by the jury must include in the aggregate the damages for waste and injury, and also for rents and profits from the time of the entry to the trial. *Gibson v. Lewis*, 27 Mo. 532.

The judgment on the verdict in such case goes for double the sum assessed by the jury, Revised Statutes, 5108. The statute is therefore penal in its nature and must, like all other statutes of its class, be strictly construed. There is nothing in its terms which directly or by necessary implication gives countenance to the contention that the jury in the assessment of the dam-

Finley & Miller v. Magill.

ages are authorized to include damages for the rents and profits that may accrue between the date of the defendant's entry and that of making of the demand upon him.

If the defendant refuses to surrender possession when the demand is made on him he then becomes guilty of unlawful detainer and is liable in double damages not only for the waste and injury committed, but for rents and profits from thence to the time of the verdict.

A construction of the statute that would make it possible to subject an intruder to the payment of double rent for the time intervening between the date of his entry and that of the demand for possession, would be indeed extremely harsh and unjust, for it may be that he was let into possession by one whom he had good cause to believe had the right to do so, or it may be that possession was taken of part of the adjoining premises of another, through mistake, thinking that such part was included within the boundaries of his own to which no one disputed either his possession or right of possession, or there may be other circumstances attending his entry showing him to have been wholly innocent of any intention to disseize the rightful owner of the premises, and yet, under the theory of plaintiffs' instruction a recovery in such cases would be possible. We do not think the statute should be so construed. It follows therefore that the court erred in adopting the theory of plaintiffs' said instruction and rejecting that of defendant's which was the converse.

The judgment must be reversed and cause remanded. All concur.