UNITED STATES of America, Plaintiff,

v.

Charles F. HALL, Defendant.

No. 77–4038–CV–C.

United States District Court,
W. D. Missouri, C. D.

Feb. 21, 1978.

On Motion for Review of Judgment
Pursuant to Rule 60(b), F.R.Civ.P.
April 24, 1978.

David M. Proctor, Asst. U. S. Atty., Ben J. Bonner, Jr., Asst. Dist. Counsel, Corps of Engineers, Kansas City, Mo., for plaintiff.

George H. Miller, Sedalia, Mo., for defendant.

## MEMORANDUM AND ORDER

ELMO B. HUNTER, District Judge.

Plaintiff-lessor, the United States of America, initiated this unlawful detainer action on March 18, 1977, asking that this Court award it restitution of certain land and damages resulting from defendant-lessee's occupancy of that land beyond the term of the lease. The case having been fully tried before the Court, it is now ready for decision.

### I

*Facts*

Certain background information is essential to a full understanding of the issues presented by this case. Defendant, for many years, owned and farmed a tract of land along the Osage River in Benton County, Missouri. Condemnation proceedings having been filed, title to this property passed to plaintiff in 1966. Pursuant to an understanding of the parties, defendant would be permitted to lease the condemned property from the government until such time as the government had actual need of the land.

In 1967, defendant leased the property from plaintiff for $2425.00. From 1968 through February 28, 1975, defendant leased the property at a yearly rental rate of $1750.00, the reduction in rent being due to the fact that, after 1967, defendant was no longer able to utilize certain portions of the property. On February 28, 1975, defendant's last lease with plaintiff expired. By letter dated January 7, 1975, Mr. Donald C. Campbell of the Army Corps of Engineers informed defendant that he could rent the subject property, for grazing and hay production purposes, from March 1, 1975 through February 29, 1976, for $5,850.00. Defendant refused to accept this offer, but remained in possession of the

property. He did, however, stand ready, willing, and able to pay an annual rent of $1,750.00, a sum which he contends represents the fair market rental value of the land. In fact, on several occasions, defendant has offered to write Mr. Campbell a check for the rent due computed at a $1,750.00 per year rate, but Mr. Campbell has refused to accept the offer.

Plaintiff now brings this action in unlawful detainer, pursuant to R.S.Mo. Ch. 534, asking for possession and rent.

## II

### The Applicable Law

■ There are three possible items of recovery for a lessor in an unlawful detainer action: (1) "restitution of the premises found to have been forcibly or unlawfully detained," R.S.Mo. § 534.330; (2) "damages . . . for waste and injury committed upon the premises," R.S.Mo. § 534.310; and (3) "all rents and profits due and owing up to the time of the rendering of the verdict or finding of the magistrate." R.S.Mo. § 534.310. Where rents and profits are found to be due, the finder of fact "shall also state the monthly value of the rents and profits of said premises." R.S.Mo. § 534.310. The Court is then obligated, by statute, to enter judgment for double the sum of the damages, rents, and profits found to be due. R.S.Mo. § 534.330. As the Court in *Lucas Hunt Village Co. v. Klein*, 358 Mo. 1054, 218 S.W.2d 595, 599 (1949) summarized the law of unlawful detainer in Missouri:

"The landlord can sue in the same action for restitution of the premises, and for the damages, rents and profits due and owing through the period of their detention, from the time of demand for possession up to the date of the verdict. And under Sec. 2850 [now R.S.Mo. § 534.330], the judgment must *double* the sum assessed for the damages, and also for the monthly rents and profits up to the time of restitution."

There being no proof or allegation of any "waste and injury committed upon the premises," the "rents and profits" aspect of the unlawful detainer action will now be developed.

■ As stated in *Massey v. Goforth*, 305 S.W.2d 894, 896 (Mo.App.1957):

Damages for rents and profits in an action of unlawful detainer normally may be measured by, and assessed on the basis of, the reasonable rental value of the rented premises during the period of their unlawful detention, i. e., from the date on which complainants become legally entitled to possession of such premises to the date of judgment."

This "reasonable rental value" means "the value that the premises would have been worth in the market if the lessor had been free and able to rent the premises," *Del Commune v. Bussen*, 179 S.W.2d 744, 748 (Mo.App.1944), and "not necessarily the amount of rent contracted for." *McIlvain v. Kavorinos*, 212 S.W.2d 85, 89 (Mo.App. 1948), *aff'd in part, rev'd in part*, 358 Mo. 1153, 219 S.W.2d 349 (1949).

■ Were the present case to involve a private lessor and a private lessee, this Court would merely determine from the evidence the fair market rental value of the property for the time that defendant has held over, double the amount of rent so determined, and award that sum to plaintiff, along with restitution of the property. The problem is compounded in this case, however, by the fact that the government was bound, by statute, to charge defendant no more than the fair rental value for the property in question. 42 U.S.C. § 4651(6). It is further compounded by the fact that determinations of fair rental value made by a federal agency pursuant to 42 U.S.C. § 4651(6) are not subject to judicial review. 42 U.S.C. § 4602(a); *Nall Motors v. Iowa City, Iowa*, 533 F.2d 381 (8th Cir. 1976); *Barnhart v. Brinegar*, 362 F.Supp. 464, 472 (W.D.Mo.1973). In like manner, decisions by the Army Corps of Engineers pursuant to 10 U.S.C. § 2667 concerning the amount of rent charged on leased land has been held to be committed to agency discretion and not subject to judicial review under the Administrative Procedure Act. *Drake v.*

*United States Army Corps of Engineers,* Case No. 75–CV–131–W–1 (W.D.Mo., Mem. and Order filed June 10, 1976).

■ This does not, however, preclude this Court from making its own, independent finding of the subject property's "reasonable rental value" as that phrase is used by the Missouri courts in construing and applying the Missouri Unlawful Detainer statutes. Plaintiff, by this action, avails itself of the benefits of the Missouri Unlawful Detainer statutes; it will not, therefore, be heard to complain that this Court, in making an independent determination of the subject property's "reasonable rental value" —something which the Missouri statutes require this Court to do—is conducting an impermissible "review" of the government's determination of "fair rental value" under 42 U.S.C. § 4651(6) or of the amount of rent to be charged under 10 U.S.C. § 2667. By bringing this action under the Missouri Unlawful Detainer statutes, plaintiff has implicitly asked this Court to make its determination of the property's reasonable rental value. Defendant is not asking this Court to review the government's determination of fair rental value under federal law. Nor is he alleging that 42 U.S.C. § 4651 has created in him any rights (this being precluded by 42 U.S.C. § 4602[1]); rather, he is simply defending a state-created unlawful detainer action brought against him by the federal government. As the applicable Missouri law requires the Court, in an unlawful detainer action, to determine the "reasonable rental value" of the subject property, that determination must now be made by the Court.

1. 42 U.S.C. § 4602(a) provides: "The provisions of section 4651 of this title create no rights or liabilit[y] and shall not affect the validity of any property acquisitions by purchase or condemnation."

2. While defendant makes a persuasive case that in 1965 the Government indicated that he could remain on the land at a nominal rent until it was needed for reservoir purposes, this was never made a part of any written contract or lease.

3. In determining similarity, the Court considered, *inter alia,* all evidence pertaining to the acreage of the properties, the lay and elevation

## III

### *The Possession and Reasonable Rental Value Issues*

■ The Court finds that the government, in its offer to lease the subject property to defendant in 1975, insisted on a rent grossly in excess of the reasonable rental value of the property. However, the Court further finds that defendant had no legal right to remain on the property, as he did from February 28, 1975 to present, without the benefit of a lease.[2]

■ After carefully considering the expert testimony presented at the hearing as to the fair market rental value of the subject property, after reviewing the rents charged by plaintiff in leases involving land similar to that which is the subject of this suit,[3] and giving due consideration to defendant's testimony as to the fair market rental value of the property, this Court finds the reasonable rental value of the 521 acres in question to have been $2,000.00 per year in 1975, $1,900.00 per year in 1976, and $1,200.00 per year in 1977.

Therefore, pursuant to R.S.Mo. § 534.330, it is hereby

ORDERED that plaintiff be, and it is hereby, awarded immediate possession of the property which is the subject matter of this action; it is further

ORDERED that plaintiff be, and it is hereby, awarded, and defendant be, and he is hereby, directed to pay to plaintiff, the sum of $10,107.50;[4] it is further

of the land, the portion of the land that is heavy timber, scattered timber, and open pasture, the portion of the land that could be utilized for row crop, and the portion of the land that is likely to be inundated during the year in question by the reservoir project.

4. This sum is computed thus: Double rent from March 1, 1975 to February 29, 1976: $4,000.00; plus double rent from March 1, 1976 to February 28, 1977: $3,800.00; plus double rent from March 1, 1977 to February 14, 1978 (fifty weeks): $2,307.50.

ORDERED that defendant's claim for set-off be, and it is hereby, denied.

## ON MOTION FOR REVIEW OF JUDGMENT PURSUANT TO RULE 60(b), F.R.Civ.P.

By Order dated February 21, 1978, this Court awarded plaintiff-lessor restitution of certain land and damages resulting from defendant-lessee's wrongful occupancy of that land beyond the term of the lease. Pursuant to the Missouri Unlawful Detainer Statute, this Court awarded plaintiff double the reasonable rental value of the land in question.

 Defendant, on April 4, 1978, filed his Motion for Review of Judgment Pursuant to Rule 60(b), F.R.Civ.P., arguing therein that "the Court erroneously doubled the amount of damages pursuant to RSMo 534.-330." While the Court is of the opinion that defendant's motion is out of time and must therefore be denied,[1] a brief discussion of the issue of state law raised by defendant may prove helpful.

 Defendant argues that plaintiff failed to demand the precise amount of rent due on the precise day that the rent became due and that, therefore, the Court erred in awarding plaintiff double the amount found to be the reasonable rental value of the property in question. Under the facts of this case, defendant's contention cannot prevail.

Plaintiff, in paragraph 4 of its Complaint, alleges:

"On or about July 23, 1973, plaintiff extended the term of a written lease with said defendant, whereby the land . . was demised by plaintiff to said defendant *for a term ending February 28, 1975*" [emphasis added].

Defendant, in paragraph 4 of his First Amended Answer, admits this allegation. With this in mind, the following excerpt from *Cook v. Cureatz*, 466 S.W.2d 133, 135 (Mo.App.1971) becomes highly relevant:

"As to the right to possession, the evidence of plaintiffs (which was believed by the trier of facts) clearly established a tenancy for a specific period of two months. At the end of such two months

1. Defendant's proper remedy was to move to alter or amend the February 21, 1978 judgment pursuant to Rule 59(e), F.R.Civ.P. That rule provides:

 "(e) Motion to Alter or Amend Judgment. A motion to alter or amend a judgment shall be served not later than 10 days after entry of the judgment."

 And, as has been generally held, the Court is without power to extend the time in which a party may make a Rule 59(e) motion. *See generally* 11 Wright & Miller, Federal Practice and Procedure: Civil § 2817, p. 109 (1973).

 Defendant may not avoid the time limitation imposed by Rule 59(e) by filing his motion pursuant to Rule 60(b). Defendant makes the bald assertion that this Court's February 21, 1978 judgment was the product of "mistake, inadvertence, surprise, or excusable neglect," but fails to make any attempt at elaboration. As the First Circuit stated in *Silk v. Sandoval*, 435 F.2d 1266, 1267–68 (1st Cir. 1971):

 "If the court merely wrongly decides a point of law, that is not 'inadvertence, surprise, or excusable neglect.' Moreover, these words, in the context of the rule, seem addressed to some special situations justifying extraordinary relief. Plaintiff's motion is based on the broad ground that the court made an erroneous ruling, not that the mistake was attribut-

 able to special circumstances. We would apply the same equitable conception to 'mistake' as seems implicit in the three accompanying grounds, under the principle of *noscitur a sociis.*

 "A contrary view, that 'mistake' means any type of judicial error, makes relief under the rule for error of law as extensive as that available under Rule 59(e), which permits motions to 'alter or amend judgments.' Obviously any such motion presupposes a mistake. Indeed, the argument advanced is that a broad construction of 'mistake' beneficially extends the ten-day limit for motions under Rule 59(e). Calling this a benefit loses sight of the complementary interest in speedy disposition and finality clearly intended by Rule 59."

 Further, as the Eighth Circuit noted in *Hoffman v. Celebrezze*, 405 F.2d 833, 835 (8th Cir. 1969): "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." In the instant case, defendant has brought to the Court's attention nothing that could be construed to be an "exceptional circumstance." Clearly, therefore, defendant's motion must be treated as having been made pursuant to Rule 59(e) with its attendant 10-day limitation.

period, defendants' right to possession of the apartment ceased by the terms of the agreement. Under such circumstances, Section 441.070, R.S.Mo.1969, V.A.M.S., provides that no notice to quit shall be required. This statute reads: "No notice to quit shall be necessary from or to a tenant whose term is to end at a certain time * * *'" This statutory provision is clearly applicable to the case at bar. . . . Defendants' term ended at the end of the two month period without any notice from plaintiffs and as of that time, plaintiffs were entitled to possession of the apartment. Under such circumstances, defendants are guilty of unlawful detainer, see Section 534.030, R.S.Mo.1969, V.A.M.S., and plaintiffs are entitled to judgment for possession and double rent. Section 534.330, R.S.Mo.1969, V.A.M.S."

As to defendant's contention that plaintiff was required to demand the precise *amount* of rent due, there is no question but that this was done. Plaintiff had offered to allow defendant to rent the subject property from March 1, 1975 through February 29, 1976 for $5,850.00 and demanded that defendant pay this sum to it. As noted in this Court's opinion of February 21, 1978, while the applicable statutory language directed plaintiff to rent the property in question to persons such as defendant for a "fair rental value," plaintiff's determination of the "fair rental value" is not reviewable by the Courts. Plaintiff, by bringing this action pursuant to the Missouri Unlawful Detainer Statute, does, however, subject itself to the provisions of that law governing the appropriate form and amount of *relief* to be awarded by the Court. Consequently, this Court was required to determine what the "reasonable rental value" of the subject property was, *Del Commune v. Bussen,* 179 S.W.2d 744, 748 (Mo.App.1944), but only for purposes of determining what sum was to be awarded plaintiff under the state statute and for no other purpose. This determination of "reasonable rental value" for the limited purpose of assessing the appropriate relief under the Missouri Unlawful Detainer Statute does not, however, mean that this Court is given a carte blanche to review plaintiff's determination of "fair rental value" under the applicable federal law. This determination by plaintiff, as earlier noted, is not reviewable by the Courts. Thus, the fact that plaintiff demanded that defendant pay it the sum of $5,850.00 as the "fair rental value" of the land but that this Court later determined that the "reasonable rental value" of the land, for purposes of awarding the appropriate relief under the Missouri Unlawful Detainer Statute, was less than that sum, does not mean that plaintiff failed to demand the precise amount of rent due. This is consistent with the Missouri case law pertaining to the Unlawful Detainer Statute which holds that in determining the "reasonable rental value" for purposes of awarding relief, the Court should determine "the value that the premises would have been worth in the market if the lessor had been free and able to rent the premises," *Del Commune, supra,* at 748, and "not necessarily the amount of rent contracted for." *McIlvain v. Kavorinos,* 212 S.W.2d 85, 89 (Mo.App.1948), *aff'd in part, rev'd in part,* 358 Mo. 1153, 219 S.W.2d 349 (1949). Thus, in the present case, a valid demand was made by plaintiff, even though it was later determined by the Court that the "reasonable rental value" of the land was less than that which plaintiff had initially demanded.

For the reason that defendant filed his post-trial motion out of time, and for the alternative reason that said post-trial motion fails to state a meritorious reason for altering or amending this Court's judgment of February 21, 1978, it is hereby

ORDERED that Plaintiff's Motion For Review of Judgment Pursuant to Rule 60(b), F.R.Civ.P., filed with the Court on April 4, 1978 be, and it is hereby, denied.