UNITED STATES of America, Appellee,

v.

Charles F. HALL, Appellant.

No. 78–1317.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 15, 1978.

Decided Dec. 29, 1978.

George H. Miller, Sedalia, Mo., argued, Royal M. Miller, Sedalia, Mo., on brief, for appellant.

Nancy B. Firestone, Atty., Appellate Section, Dept. of Justice, Washington, D. C., argued, Sanford Sagalkin, Acting Asst. Atty. Gen., Washington, D. C., Ronald S. Reed, Jr., U. S. Atty., David M. Proctor, Jr., Asst. U. S. Atty., Kansas City, Mo., and Edward Shawaker, Atty., Washington, D. C., on brief, for appellee.

Before STEPHENSON, HENLEY and McMILLIAN, Circuit Judges.

STEPHENSON, Circuit Judge.

Appellant-defendant Charles F. Hall alleges that the trial court[1] erred by allowing appellee-plaintiff United States to recover from him double damages under the Missouri Unlawful Detainer Statute. Mo. Ann.Stat. §§ 534.030 & .330 (Vernon 1953). We find such damages to be appropriate and affirm on the basis of the trial court's opinion and subsequent order, *United States v. Hall*, 463 F.Supp. 787 (W.D.Mo. 1978).

Hall was the original owner of a tract of land located in Benton County, Missouri; the government acquired ownership in 1966 through condemnation proceedings in order to facilitate the construction of a dam. The property was not needed by the government for some time, and Hall was the lessee from 1967 through 1974. The government wanted to charge a higher rent for the lease in 1975, and Hall refused to pay the higher sum; he also remained in possession of the property. The government then brought an action in unlawful detainer pursuant to Mo.Ann.Stat. Ch. 534 (Vernon 1953), and asked for possession and double rent under Mo.Ann.Stat. § 534.330 (Vernon 1953).

On appeal, Hall contends that he was assured by governmental agents that he would have the right of a priority lessee until the property was needed and that he would be charged a nominal fair market rental value for the land. The district court found this was never made a part of any written contract or lease.[2] *See* 42 U.S.C. § 4651(6). Hall argues that the government violated this agreement by demanding a rent (for the 1975 lease) in excess of the fair market rental value. Because Missouri law requires strict compliance with the statutory requirements of chapter 534 in order to recover double rent, *see New Brentwood Realty, Inc. v. STRAD, Inc.*, 509 S.W.2d 214 (Mo.App.1974), Hall urges this court to disallow the double rent on the basis that the government failed to make demand for the precise amount of rent due (the fair market rental value) on the precise day that it was due. The district court found that the government had complied with the statutory requirements.

We are satisfied that the trial court correctly determined the issues in this case. It was proper for the trial court to apply Missouri law[3] and to award damages pursuant to Mo.Ann.Stat. § 534.330 (Vernon 1953).[4] We affirm on the basis of the trial court's opinion and order.

Affirmed.

---

1. The Honorable Elmo B. Hunter, United States District Judge for the Western District of Missouri.

2. The United States is not bound by the unauthorized acts or representations of its agents. *Werner v. United States*, 581 F.2d 168, 172 (8th Cir. 1978), *citing Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384, 68 S.Ct. 1, 92 L.Ed. 10 (1947).

3. The United States may maintain an appropriate action under state law to enforce its interests. *Cotton v. United States*, 52 U.S. (11 How.) 228, 231, 13 L.Ed. 675 (1850); *United States v. Magnolia Motor & Logging Co.*, 208 F.Supp. 63 (N.D.Cal.1962). *See also Wyandotte Trans. Co. v. United States*, 389 U.S. 191, 201–02, 88 S.Ct. 379, 19 L.Ed.2d 407 (1967); *Jones v. Freeman*, 400 F.2d 383, 388 (8th Cir. 1968).

4. The government had requested rent of $5850 for 1975, the first year Hall refused to pay; the trial court determined that the reasonable rental value for the years in which Hall retained possession without paying rent to be $2000 in 1975; $1900 in 1976; and $1200 in 1977. These figures were then doubled to determine the damages due to the United States under Mo.Ann.Stat. § 534.330 (Vernon 1953).