In the Matter of Darrell Lee GERDES and Doris Jean GERDES, Debtors.

Darrell Lee GERDES, Plaintiff,

v.

John P. O'RILEY and Janice O'Riley, Defendants.

Bankruptcy No. 83–00762–SJ–13.
Adv. No. 83–0492–SJ–13.

United States Bankruptcy Court,
W.D. Missouri,
St. Joseph Division.

July 5, 1983.

ORDER DIRECTING PLAINTIFF TO SHOW CAUSE IN WRITING WITHIN 15 DAYS WHY "APPLICATION FOR RELIEF FROM FINAL JUDGMENT DENYING PLAINTIFF'S COMPLAINT AND RELIEF" SHOULD NOT BE DENIED

DENNIS J. STEWART, Bankruptcy Judge.

This court entered its judgment in this adversary action on June 3, 1983, denying the plaintiff debtor's complaint to compel turnover of a 1973 International Truck tractor and a 1976 Wilson trailer. The judgment was based on findings, made after a hearing in which the plaintiff nor his counsel appeared, that there was no equity in the vehicles and that there had been no showing that possession by the debtors of these vehicles was necessary for their performance under the plan.

Now, on the date of June 30, 1983, the plaintiff moves to set aside the judgment, stating that the reason for his nonattendance was that both the hearing on the adversary action and that on confirmation were scheduled for May 27, 1983, and that, upon receiving an order cancelling the confirmation hearing, he believed that both hearings were thereby cancelled. He further states that "the plaintiffs wish to offer evidence to show the value of the collateral exceeds $9,180.96" and that "the collateral is not only necessary but absolutely needed to make the plan work."

 The court is initially faced with the issue of timeliness of assertion of the motion, far more than ten days following the judgment as described in Rule 59, F.R. Civ.P., in permitting the filing of motions to alter or amend judgment or for a new trial. Further, it "has been generally held (that) the Court is without power to extend the time in which a party may make a Rule 59(e) motion." *United States v. Hall,* 463 F.Supp. 787, 791, n. 1 (W.D.Mo.1978), affirmed, 588 F.2d 1214 (8th Cir.1978). Although Rule 60, F.R.Civ.P., prescribes longer time periods for seeking relief from judgment, it does not appear applicable in the action at bar. A party "may not avoid the time limitation imposed by Rule 59(e) by filing his motion pursuant to Rule 60(b)." *Id.* It does not therefore appear, in the absence of the exceptional circumstances described in Rule 60, that the court can take any action because of the untimeliness of the motion.

 Further, the most important fact to be determined if the debtors wish to have the truck and trailer back in their possession is whether and how soon they propose to cure any default or arrearage owed on the vehicles to the defendants. The court cannot, even if there is a showing of equity and necessity for performance under the plan, restrain a secured creditor from exercising his rights without providing for the prompt cure of the arrearage or default. "(W)here the debtor has an equity in the property or it is necessary to his performance under the plan and where the creditor's security will not be impaired by a stay, the creditor may be stayed from foreclosing on appropriate conditions to *cure defaults* and maintain payments on his claim to the extent that it is secured." 15 Collier on Bankruptcy para. 13–401.01, pp. 13–401–4 and 13–401–5 (1978) (Emphasis added.)

For the foregoing reasons, it is hereby

ORDERED that the plaintiff show cause in writing within 15 days why the "application for relief from final judgment denying plaintiff's complaint and relief" should not be denied.