In the Matter of Loren Leo MAPLES and Grace Carolyn Maples, Debtors.

**C.I.T. FINANCIAL SERVICES CORP., Plaintiff,**

v.

**Loren Leo MAPLES and Grace Carolyn Maples, and Thomas J. Carlson, trustee in bankruptcy, Defendants.**

Bankruptcy No. 83–01607–SW.
Adv. No. 83–0945–SW.

United States Bankruptcy Court,
W.D. Missouri,
Southwestern Division.

Aug. 23, 1983.

Donald B. Steele/John J. Benge, Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, Mo., for plaintiff.

James F.B. Daniels, Joplin, Mo., for defendants.

## ORDER DENYING THE MOTION OF THE TRUSTEE IN BANKRUPTCY "FOR REHEARING"

DENNIS J. STEWART, Bankruptcy Judge.

On August 3, 1983, this court entered its final judgment in this action granting the plaintiff's complaint for relief from the automatic stay unless, within 45 days or within such additional time as the court may grant, the defendants or the trustee cure arrearages owed to the plaintiff.

On August 22, 1983, the defendant trustee in bankruptcy filed a "motion for rehearing," complaining that "the judgment did not address the affirmative defenses raised by the trustee, to-wit: (a) that there are no financing statements supplied by the plaintiff showing that they were signed by the debtors; (b) that the financing statements were filed in the name of Maples Machine and Welding rather than the name of the debtors as required by Section 400.9–402; and (c) that the creditor has to demonstrate that it has a perfected security inter-

est before a complaint to lift stay can be granted for the reason that if it does not there may be an asset available to the unsecured creditor."

The motion must be denied, both as untimely and on its merits. It was neither filed nor served within ten days of the judgment, as required by Rule 59, F.R. Civ.P., and therefore cannot constitute a timely motion which the court could grant.[1]

But, separately and independently, the motion is also without merit. The signature of the debtor is vaguely visible on the copies of financing statements submitted to the court. It is even more visible on documents filed by the plaintiff on August 5, 1983, after the rendition of the former judgment. It appears therefore that the contention that the financing statements lack a signature is without merit and must be denied.

Next, it is contended that the financing statements were filed in the name of "Maples Machine Shop and Welding" rather than in the name of the debtors. The rule in this regard is that "filing under a trade name only is generally defective *where the trade name materially differs from the debtor's real name." In re Hammons*, 438 F.Supp. 1143, 1151 (S.D.Miss. 1977) (Emphasis added.). Where the trade name is "sufficiently related to the name of the bankrupt ... so as to give notice of a possible prior existing security interest to anyone searching the records," it is sufficient to perfect the security interest. *Matter of Clairmont Pharmacy, Inc.,* 8 B.R. 695, 696 (Bkrtcy.N.D.Ga.1981), and cases there cited. In this case, when the search of an index under "Maples" would have revealed the existence of the security interest, the error is only minor and cannot serve to destroy perfection of the security interest. Cf. *In re Leichter,* 471 F.2d 785, 787 (2d Cir.1972). "(T)he distinction drawn in the reported decisions is whether the name as it appears on the financing statement is only slightly different than the debtor's real name in which case parties searching the records would be placed on notice by such entry." *In re Firth,* 363 F.Supp. 369, 372, n. 5 (M.D.Ga.1973). Only "if the name on the statement is materially different from the debtor's real name (is) the filing ... fatally defective." *In re Thomas,* 466 F.2d 51, 53, n. 3 (9th Cir.1972). *Citizens Bank v. Ansley,* 467 F.Supp. 51, 54 (M.D.Ga.1979), affirmed, 604 F.2d 669 (5th Cir.1979), seems to be contrary authority when the name on the financing statement is a business and the true debtor is an individual, but there is no offer to show in this case that the debtors did not do business under the name of "Maples Machine Shop and Welding" and in fact that entity is also a debtor in this same proceeding. But, in the *Ansley* case, *supra,* it was found that "Mr. Ansley is not a farmer, has never engaged in the farming business and has never done business under the trade name Ansley Farms" and therefore the name "Ansley Farms" on the financing statement was seriously misleading. 467 F.Supp. at 52. And see cases collected in Anno., *Security Agreement— Designation of Debtor,* 99 A.L.R.3d 478, 496. Under the circumstances of this action, it cannot be said that the designation of the debtor was seriously misleading or a major error or that it would not have given rea-

---

1. This court has recently set out the applicable law in *Matter of Gerdes,* 33 B.R. 531 (Bkrtcy. W.D.Mo.1983), to the following effect: "The court is initially faced with the issue of timeliness of assertion of the motion, far more than ten days following the judgment as described in Rule 59, F.R.Civ.P., in permitting the filing of motions to alter or amend judgment or for a new trial. Further, it 'has generally been held (that) the Court is without power to extend the time in which a party may make a Rule 59(e) motion.' *United States v. Hall,* 463 F.Supp. 787, 791, n. 1 (W.D.Mo.1978), affirmed, 588 F.2d 1214 (8th Cir.1978). Although Rule 60, F.R.Civ.P., prescribes longer time periods for seeking relief from judgment, it does not appear applicable in the action at bar. A party 'may not avoid the time limitation imposed by Rule 59(e) by filing his motion pursuant to Rule 60(b).' *Id.* It does not therefore appear, in the absence of the exceptional circumstances described in Rule 60, that the court can take any action because of the untimeliness of the motion."

sonable notice of the claim of perfection. This contention must therefore be denied.

It seems next to be suggested that the security interest must be deemed to be unperfected because it contains the signature of only Loren Leo Maples instead of the signature of both debtors. But this court has recently held, in *Matter of Bergsieker*, 30 B.R. 757 (Bkrtcy.W.D.Mo.1983), that, in the absence of proof that the signing debtor was not the sole owner of the property constituting the collateral or that he did not have authority to sign on behalf of both debtors, a single debtor's signature is sufficient to perfect the security interest. "This is especially so in a case such as that at bar, in which the security interest appears valid and perfected on its face and extrinsic evidence is necessary to show otherwise." 30 B.R. at 760. There has been no statement or showing that the signing debtor does not own the property pledged as collateral or that, if it is contended that both debtors own the property, he did not have authority from the other debtor to sign for both of them. Accordingly, this contention must also be denied.

For the foregoing reasons, because the motion for rehearing was untimely filed and because it is also meritless, it will be denied. It is hereby

ORDERED that the motion of the defendant trustee in bankruptcy "for rehearing" be, and it is hereby, denied.