**In re LFT, LTD., dba La Familia Restaurant, Debtor.**

**Bankruptcy No. 80–00682.**

United States Bankruptcy Court, D. Hawaii.

Jan. 24, 1984.

Michael Tongg, Honolulu, Hawaii, for creditor.

Emma Matsunaga, Honolulu, Hawaii, for debtor.

### ORDER DENYING MOTION TO LIFT STAY

JON J. CHINEN, Bankruptcy Judge.

On December 21, 1983, a preliminary hearing on the Motion to Vacate Stay, filed

by Creditor, Honolulu Restaurant Supply Company, Inc., (hereafter Creditor) was held before the undersigned Judge. Present at the hearing were Michael A. Tongg, Esq., representing Creditor, and Emma S. Matsunaga, Esq., representing LFT, Ltd., the Debtor herein. At said hearing, Debtor objected to Creditor's motion on the grounds that Creditor, having failed to perfect a financing statement in compliance with HRS 490:9–402, was not a secured creditor and as an unsecured creditor was not entitled to an order lifting the stay to allow said Creditor to proceed against Debtor, thereby taking precedence over other unsecured creditors of the estate.

Memoranda on the issue of the validity of the financing statement were requested by the Court and submitted by counsel for both Debtor and Creditor. Being fully apprised of the argument presented, the memoranda and records on file, the Court enters the following findings of fact and conclusions of law:

## FINDINGS OF FACT

Although no evidence was formally introduced at the preliminary hearing, documentation presented by the Debtor and the Creditor present the following undisputed factual background.

On March 5, 1980, Debtor signed a "proposal" to purchase restaurant equipment from Creditor for a purchase price of approximately $15,684.07. The terms included a down payment of $5,000.00 with a remaining balance of $10,684.07 due and owing to Creditor. Sometime in March of 1980, a Purchase Agreement for this transaction for said terms was entered into by Creditor and Debtor. Debtor's president signed both documents as "Tony Habib, Pres. LFT, Ltd."

On September 30, 1980, a Uniform Commercial Code financing statement was filed by Creditor with the Bureau of Conveyances of the State of Hawaii in Liber 15020 at Page 546. Although the financing statement was again signed by Tony Habib as President of LFT, Ltd., the statement was filed under Debtor's tradename, La Familia Restaurant.

On October 31, 1980, Debtor filed a Chapter 11 petition in Bankruptcy Court. On November 22, 1983, Creditor filed the instant Motion to Vacate Stay in order to proceed against Debtor for the return of its equipment and/or the balance of payment in the state court.

The controlling statute is Chapter 490:9–402(6) of the Hawaii Revised Statutes:

A financing statement sufficiently shows the name of the debtor if it gives the individual, partnership or corporate name of the debtor, whether or not it adds other trade names or the names of partners.

The Official Comments No. 7 provides the underlying rationale for requiring filing under Debtor's name and not a trade name.

Trade names are deemed to be too uncertain and too likely not to be known to the secured party or person searching the record, to form the basis for a filing system.

Debtor relies on this statute in claiming that the financing statement in question is invalid because it was clearly filed under Debtor's trade name and as such, complies neither with the statutory requirement of HRS 490:0–402(6) nor with the underlying policy of giving notice to other parties of the secured interest.

Creditor, relying on HRS 490:9–402(7), which states that "(a) financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading," argues that the financing statement in question did "substantially" comply with the requisites of HRS 490:9–402. Creditor bases this argument apparently on the belief that the Debtor's real name is La Familia Restaurant, Ltd., which Creditor claims is sufficiently similar to the trade name of La Familia Restaurant used on the financing statement to constitute compliance with HRS 490:9–402.

The real name of Debtor at the time of entering the purchase agreement with Creditor apparently was LFT, Ltd., which is the name under which Debtor signed the Purchase agreement and the financing statement.

## CONCLUSIONS OF LAW

■ The law is clear that the real name of the debtor must be used in order for a financing statement to be sufficient, i.e., to give notice of the secured interest perfected against Debtor. The Ninth Circuit in *In re Thomas*, 466 F.2d 51 (9th Cir.1972), held not only that the "omission of a debtor's real name is a fatal defect," but also that the use of a trade name in place of the real name of the debtor cannot be said to be a "minor error" and thus not seriously misleading even where the tradename is widely known and used.

■ Pursuant to § 1107 of the Bankruptcy Code the debtor in Possession in a Chapter 11 case is granted the powers of a trustee in bankruptcy, which includes the trustee's powers as a lien creditor as of the commencement of the case, pursuant to § 544(a) of the Bankruptcy Code. Thus, the instant challenge to the secured status of Creditor by Debtor-in-possession is sufficient to invalidate Creditor's claimed secured interest even though Debtor signed the financing statement and underlying Purchase agreement. *In re Sportswear Shoppe, Ltd.*, 15 B.R. 970 (Bkrtcy.W.D.Mo. 1981).

Based on the foregoing Findings of Fact and Conclusions of Law, the Court thus ORDERS, ADJUDGES AND DECREES that the Creditor Honolulu Restaurant Supply Company, Inc., is not a secured creditor of Debtor herein, and as an unsecured creditor it has failed to convince this Court that it is entitled to adequate protection or a lifting of the automatic stay in order to proceed against Debtor in state court. The Court thus hereby DENIES the Creditor's Motion to Vacate Stay.