In re BEACON REALTY INVESTMENT COMPANY OF SALINA, a Partnership, a/d/b/a Hospitality Inn, Salina, Kansas, a/d/b/a Hilton Inn, Salina, Kansas, Debtor.

John K. PEARSON, Trustee, Plaintiff,

v.

SALINA COFFEE HOUSE, INC., Defendant.

Bankruptcy No. 83–11789.
Adv. No. 84–0126.

United States Bankruptcy Court,
D. Kansas.

Dec. 6, 1984.

William H. Zimmerman, Jr., Wichita, Kan., for plaintiff.

Norman R. Kelly, Salina, Kan., for defendant, Salina Coffee House, Inc.

## MEMORANDUM OF DECISION

ROBERT B. MORTON, Bankruptcy Judge.

### FACTS

Debtor, Beacon Realty Investment Company of Salina, filed a petition for relief under Chapter 11 of the Bankruptcy Code on December 8, 1983. On January 12, 1984, the case was converted to Chapter 7.

Beacon Realty was a partnership doing business under the style of "Hilton Inn" in Salina, Kansas, from April 1968 through January 1984. During 1981, debtor, employing only the name of "Hilton Inn," purchased restaurant equipment and furnishings from defendant, Salina Coffee House, Inc. That business entity designation appears both in the purchase money note and in the companion agreement granting defendant a security interest in "Kitchen and Serving Equipment" and "Restaurant and Club Furniture."[1] Salina Coffee filed financing statements showing the collateral to have been encumbered by

"Hilton Inn"; the partnership name, Beacon Realty Investment Company of Salina, does not appear on any of the instruments.[2]

The parties have stipulated some 30 documents. These establish that since 1968 debtor's partnership operations were carried on under the style of Hilton Inn in Salina and the surrounding area. The hostelry at 5th and Iron Streets in the city of Salina was so identified. Room charges, trade purchases, correspondence, building and equipment maintenance, customer credit cards, indeed all outward business relationships with the public were in the name of Hilton Inn. Yellow page advertising in the Salina telephone directory referred solely to Hilton Inn. All documents evidencing the security transaction with Salina Coffee were signed on behalf of Hilton Inn by one J.E. Hearn, manager, who was so authorized by debtor. In the subject transactions Salina Coffee was represented by its treasurer Thomas E. Millikin. At no time did Heard inform Millikin that Heard was acting on behalf of any business entity other than Hilton Inn. Nor did Millikin learn from any other source that Hilton Inn was owned by Beacon Realty.[3] No evidence has been presented to suggest any instance in which the hotel operation was publicly conducted under a name other than Hilton Inn.

### ISSUE

Trustee filed the instant complaint to determine the validity of defendant's lien. Specifically, trustee contends that under KAN.STAT.ANN. § 84–9–402(7) defendant holds an unperfected security interest, in that the financing statement was improperly filed under debtor's trade name rather than its partnership name; that the trustee's statutory rights are superior for that reason. Defendant contends it properly perfected a prior and paramount security

1. See defendant's exhibits 28 through 33.

2. Id.

3. See Supplemental Stipulation filed November 16, 1984. Although the original Stipulation filed September 5, 1984 is silent on the point, it is presumed Hearn was fully aware that Beacon Realty was the business parent.

interest by filing under debtor's trade name, Hilton Inn.

## MEMORANDUM

The debtor name under which a financing statement is to be filed is addressed in KAN.STAT.ANN. § 84–9–402(7) which provides: "A financing statement sufficiently shows the name of the debtor if it gives the individual, partnership, or corporate name of the debtor, whether or not it adds other trade names or the names of partners ..." Trustee cites Uniform Commercial Code Official Comment 7 as authoritative guidance for interpretation of section 9–402. Comment 7 states:

> In the case of partnerships it (§ 9–402(7)) *contemplates filing in the partnership name,* not in the names of any of the partners, *and not in any other trade names. Trade names are deemed to be too uncertain and too likely not to be known to the secured party or person searching the record,* to form the basis for a filing system. (Emphasis supplied.)

Thus, the trustee's argument goes, defendant's U.C.C. filing was fatally insufficient because debtor's partnership name was not included.

Defendant contends: (i) the language of section 9–402(7) does not require filing under the partnership name, the statute provides rather, it is merely *sufficient* to file under the partnership name; (ii) the U.C.C. does not specify whether or not the filing under a trade name is sufficient; and (iii) U.C.C. Official Comment 7 states only the general rule to which there are exceptions. On the latter point defendant cites KAN. STAT.ANN. § 84–9–402(8): "A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading." Expanding on that position, defendant stresses that in the geographic area of its operations debtor has consistently held itself out to the public under the name "Hilton Inn"; and that under such circumstances the trade name filing was not "seriously mislead-

ing." Defendant's principal reliance is on two Fifth Circuit decisions: *In re Glasco, Inc.,* 642 F.2d 793 (5th Cir.1981), and *In re McBee,* 714 F.2d 1316 (5th Cir.1983).

In *Glasco* the debtor's corporate name was "Glasco, Inc.," but the financing statement was filed under the name in which debtor did business, "Elite Boats, Division of Glasco, Inc." The 5th Circuit Court framed the issue as "whether or not potential creditors would have been misled as a result of the name the debtor was listed by in the bank's financing statement." *In re Glasco,* at 796. The evidence showed debtor had operated its business and held itself out to the community and creditors as "Elite Boats, Division of Glasco, Inc." There was no indication debtor ever held itself out under its legal corporate name. The Court concluded the designation was only 'minor error' and not 'seriously misleading.' Accordingly, the financing statement was held an effective perfection of the security interest.

In *McBee,* a bank filed a financing statement covering business property under the trade name "Oak Hill Gun Shop" rather than under the name of the sole proprietor, Joe Colley. Later, without bank's consent, Colley sold the business in bulk to McBee who continued to operate the business individually as "Oak Hill Gun Shop." McBee's funding source, without actual knowledge of the previous lien, took a security interest in the same business property and filed a financing statement under McBee's individual name. The Court gave priority to the first bank's lien, holding that its earlier filing under the trade name only was not 'seriously misleading' and was sufficient to perfect its security interest. In the Court's view the trade name filing provided sufficient notice to creditors because (i) the trade name had been used consistently and exclusively for the particular business; and (ii) a subsequent reasonably prudent creditor would have checked the filing records for prior security interests under the trade name designated in the earlier financing statement.

Professor Barkley Clark in "The Law of Secured Transactions Under the Uniform Commercial Code," 1984 Cum.Supp. No. 1, para. 2.9 at pp. S2–27 to 30, is severely critical of *Glasco* and *McBee*. He points out that section 9–402(7) was amended in 1972 subsequent to *Glasco* with a new Official Comment specifically rejecting the trade name approach.[4]

Professor Clark perceives plain error in the *McBee* holding that the trade-name designation there employed was not 'seriously misleading' under section 9–402(8). He underscores that under the admitted facts of the case there was no indexing relationship[5] between the filed trade name "Oak Hill Gun Shop" and the sole proprietor owner Colley. In Clark's view the precise directions of amended section 9–402(7) are not overridden by, but are in *pari materia* with, section 9–402(8):

The drafters went out of their way, in the text and the Official Comment, to state that corporate debtors are to be shown under the *corporate* name, irrespective of size or ownership; partnership debtors are to be shown under their *partnership* name, irrespective of the number of partners or the nature of the partnership; and individuals doing business as sole proprietorships are to be shown under the *individual* names. Exceptions to the rule based upon the perceived views of subsequent creditors undercut certainty where certainty is critical to the filing system. The precise rule of Rev. § 9–402(7) cannot be wiped out by the 'seriously misleading' language of Rev. § 9–402(8); that exception should be limited to situations where the name of the proprietor and the name of the business are virtually synonymous, so that a third party searching the file

under the individual's last name will pick up the name of the proprietorship.
Id. at p. S2–29.

Other recognized authorities, Professor James White and Professor Robert Summers, do not read section 9–402(7) as being quite so forthright. Their treatise, Uniform Commercial Code (2nd ed. 1980), p. 959, states:

Where the debtor is an individual or partnership, the filing is 'sufficient' if it is in the individual or partnership name, despite the fact that it omits the assumed (d/b/a) name under which the business entity may be widely known. *Note well that the subsection does not answer the converse question whether a filing in the assumed name might be sufficient.* (Emphasis supplied.)

Obviously White/Summers are not in square disagreement with Professor Clark on general terms. Under the White/Summers formulation it is open as to whether a non-synonymous trade might pass muster in a specific instance.

But Professor Clark views certainty in filing nomenclature as essential to the fairness and effective working of the filing system. To that end he would recognize only limited exceptions to the affirmative endorsement that Sec. 9–402(7) provides for filings under the correct entity name—corporate, partnership or individual as the case may be. His approach gives heavy weight to the 'indexing relationship' between the filed trade name and the correct name of the debtor.[6] He suggests, as a hypothetical, that a filing on individual proprietor John Johnson under his trade name Johnson Rug Company would be acceptable.

The facts of the instant controversy present the issue in sharp focus. There is no synonymity between the filed trade

**4.** Professor Clark stresses that the new Comment explicitly characterizes a non-synonymous trade name designation as "[t]oo uncertain and too likely not to be known to the secured party or person searching the record."

**5.** As an example of adequate 'indexing relationship' the author cites a trade name filing, "Ma-

ples Machine Shop and Welding." The individual proprietors were surnamed "Maples." The Court held the trade-name filing not seriously misleading in *In re Maples*, 33 B.R. 14, 37 U.S.C. Rep. 351 (W.D.Mo., Bankr.Ct., 1983).

**6.** *Id.*

name "Hilton Inn" and the debtor's partnership name "Beacon Realty Investment Company of Salina." At the same time, it was as "Hilton Inn" that all business operations with the public and third parties were conducted.[7] Employment of the trade name "Hilton Inn" was consistent to the point of uniformity and exclusivity. Thus we have the curious situation that from a purely practical standpoint a filing solely under the partnership name would likely have been 'seriously misleading'—albeit legally sufficient under Section 9–402(7).

The Court fully supports the quest of Professor Clark and the authors of the Uniform Commercial Code for maximum clarity and certainty in lien perfection requirements. Entry by a finder of fact into the shadowy area of trade creditors' perceptions is to be discouraged; ordinarily such an inquiry would tend to produce unreliable results. But the instant circumstances call for an exception.

The fact pattern here, as presented, is not ambiguous. To trade creditors and the public at large the business was known *only* under the trade name "Hilton Inn." Neither in the security transaction with Salina Coffee nor in any other instance was there a disclosure of the existence or parent relationship of Beacon Realty Investment Company of Salina. Indeed, any filing in the partnership name *only* likely would have escaped the eye of subsequent searching creditors having no basis for an identification of the business other than as "Hilton Inn." This observation is made with an awareness of the hypothetical ideal lien creditor rights of the trustee under 11 U.S.C. § 544(a)(1), (2).[8] Nonetheless, in an equity sense it seems extremely harsh to penalize Salina Coffee for failing to file in the undisclosed and unknown name of the partnership. Such onerousness seems particularly heavy in the light of Salina Coffee's good faith and to all ostensible intents, commercially correct and prudent conduct. In these particular circumstances it seems sensible and fair to treat Hilton Inn as the only partnership name selected by debtor in conducting business in the Salina area. Under that analysis, or perhaps more accurately viewed as an exception to the general rule based on basic principles of equity, Salina Coffee's lien perfection is valid.

*In re Thomas*, 466 F.2d 51 (9th Cir.1972), decided on the pre-1972 U.C.C. language, is contra to the view of this Court in the instant controversy. The same is true with respect to *In re Leichter*, 471 F.2d 785 (2nd Cir.1972). In both cases a bankruptcy trustee under the 1898 Act prevailed over a U.C.C. filing designating only the trade name of the debtor.[9] Similar results were reached in *In re Moore*, 21 B.R. 898 (Bankr.D.Tenn.1982); *In re Amsco, Inc.*, 26 B.R. 358 (Bankr.D.Conn.1982); *In re My Place or Yours, Inc.*, 34 B.R. 197 (Bankr.D. Vt.1983); *In re LFT, Ltd.*, 36 B.R. 411 (Bankr.D.Hawaii 1984).

Thus, no direct precedential support is found for this Court's conclusion. However, none of the decisions reviewed involves the precise factual situation presented here. The distinguishing facet is that neither Salina Coffee nor any other creditor nor the public at large had reason whatsoever to believe that Hilton Inn of Salina was other than an independent autonomous business. Also it was Beacon Realty's own decision to carry on the partnership business exclusively under that name.

With recognition of contrary views, it is here held that judgement shall be entered that Salina Coffee's lien perfection was ef-

---

7. The time span was from April 21, 1968 (presumably the commencement of hotel operations) through the January 1984 conversion of Beacon Realty to Chapter 7. See Stipulation of Facts, file document 70, par. 35.

8. Trustee's counsel mistakenly clothe him with rights of a bona fide purchaser. 11 U.S.C. § 544(a)(3) applies only to real estate.

9. *Leichter* possibly may be distinguishable in that there is some indication the correct name of debtor was disclosed to the filing secured creditor.

fective and enforceable as against the trustee.

The foregoing memorandum constitutes findings of fact and conclusions of law as required by Bankruptcy Rule 7052 and Rule 52(a), Federal Rules of Civil Procedure.