## UNITED STATES v. 5.77 ACRES OF LAND, MORE OR LESS, IN BOROUGH OF BROOKLYN, KINGS COUNTY, et al.

### No. 589.

District Court, E. D. New York.

Dec. 30, 1943.

the court, on motion and notice and for good cause shown, enlarges or shortens the time. * * *"

Harry T. Dolan, Sp. Asst. to the Atty. Gen., for petitioner-plaintiff.

Charles Lamb, of New York City (Gerard L. Carroll, of New York City, of counsel), for Conover Pier Corporation.

Ignatius M. Wilkinson, Corp. Counsel, of New York City, for City of New York.

BYERS, District Judge.

The Government, being dissatisfied with the amount of the award made herein, has moved for a new trial "pursuant to Rule 59 of the Federal Rules of Practice and Procedure", 28 U.S.C.A. following section 723c, upon the grounds:

(1) That the Court adopted an erroneous theory and method of valuation.

(2) That the Court rejected the only recognized method and theory of valuation applicable under the facts and testimony.

(3) That the Court rejected all theories and methods testified to by all experts and arrived at an unsupported valuation.

(4) That no comparable sales being adduced, but one correct theory of valuation remained, i. e., the capitalization of income, which method was disregarded by the Court.

These are serious reflections upon the capacity of the Court to understand and assimilate the evidence, and perhaps would point to the propriety of reference of the motion to another judge, if the Government were otherwise without redress.

As to the applicability of Rule 59, Moore's text contains the following (page 3247):

"A new trial is to be granted in non-jury actions 'for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States.' The rehearing in equity was said to be for the same reasons that a new trial would be granted at common law. It is obvious from the discussion in the preceding subsection, however, that many of the reasons for a new trial where there has been a jury trial would not apply in a non-jury case. But, wherever appropriate, a rehearing in equity and, under the Rules, a new trial in non-jury actions should lie where a new trial at law, or in a jury action under the Rule, could be obtained.

"In equity, however, two grounds for a rehearing were most commonly known: (1) for error of law or fact on the face of the record; and (2) for newly discovered evidence. * * *

"Just as in new trial at law, a rehearing would not lie merely to relitigate old matter."

The foregoing text is believed to contain a sound exposition of Rule 59, and to point to the necessary showing which must be made if it is to be successfully invoked.

The notice of motion constitutes all that has been filed in behalf of the application, and the Government's brief and supplemental brief have been consulted in vain for citations to the record to indicate errors in matters of fact which can be fairly imputed to the Court.

The argument is that the Court should have valued the real estate at $175,000 because the owner stated that to be the 1941 value for City tax purposes, instead of the 1911 cost of $189,447.92. That is not an alleged error of either fact or law.

Also that the Court should have accepted the reproduction 1941 figure of either $549,770, or $573,095, and depreciated the accept-

able one of the two to $309,471. Again, this is not an alleged error of either fact or law.

■ While it is undisputed that an appropriate department of the Government can condemn private property for public purposes, it remains to be demonstrated that the Department of Justice can prescribe a formula or theory of valuation that a court is required to accept in fixing what it conceives to be just compensation to be paid to the owner; and that a failure to adopt such a theory constitutes error of law.

If any statute so provides, or any case so decides, there is a complete failure of appropriate citation in the Government's briefs.

If the testimony contained in this record is persuasive that an erroneous result has been arrived at, redress at the instance of the Government can be confidently anticipated as the result of an appeal.

It would be inappropriate to repeat in this memorandum a statement of reasons which led me to conclude that all expert testimony in this case was unconvincing.

For failure to present the showing required by Rule 59 of the Federal Rules of Civil Procedure, the motion is dismissed.

Settle order.