**In re D. Stephen TITUS (d/b/a Titus Auto Repair), Patricia A. Titus, Debtors.**

**Bankruptcy No. 80–00176.**

United States Bankruptcy Court, D. Vermont.

Nov. 11, 1980.

Gary Randall Brown, Woodstock, Vt., for Vermont Nat. Bank in support of said motion.

Jerome I. Meyers, Springfield, Vt., for debtors.

## MEMORANDUM AND ORDER ON MOTION OF VERMONT NATIONAL BANK FOR RECONSIDERATION

CHARLES J. MARRO, Bankruptcy Judge.

The Motion of Vermont National Bank for reconsideration of the Court's Findings of Fact, Memorandum and Order dated September 23, 1980, came on for continued hearing, after notice, on November 5, 1980, at the Grand Jury Room, Federal Building, Rutland.

After hearing the Court is convinced that the Motion for Reconsideration should be dismissed.

The bank argued that the Court was mistaken as to the rate of interest allowable by law on a mortgage relating to the residence of the debtor. The property under consideration consisted of land upon which was erected a residence as well as a garage used by the debtor for commercial purposes. It is true that the following appears in the Memorandum of the Court on page 4:

> "The testimony bears out the conclusion that there was no definite understanding that the loans were to be secured by the real estate. Had the bank been serious in this respect, it would have taken the necessary precaution to fix the rate of interest at 12%, which was the limit prescribed by State Law."

It is the recollection of the Court that at the original hearing the bank's witness testified on cross-examination that he was aware that the Vermont limit for interest on a residence was 12%. As to this, it may be that he was mistaken. However, the testimony as to the interest rate was only one of the factors which the Court considered in its determination as to whether it was the intent of the parties that the promissory note of $18,000.00 dated June 13, 1978, was to be included in the real estate mortgage under the so-called "dragnet clause" covering future debts. The Court accepted the testimony of the debtors that there was no such intention.

At the hearing on the Motion, the bank also offered to improve as a witness for additional testimony an officer of the bank who actually closed the loan. On the date of the original hearing, this officer was employed by the bank, although he might have been on vacation. Since he was available at the original hearing or he could have been made available at a continued hearing had the bank requested a continuance, his testimony does not fall within the scope of newly discovered evidence which permits reopening of the hearing.

Further, a Motion for a new trial grounded upon newly-discovered evidence will not be granted unless the facts discovered are of such a nature that they would probably change the outcome, such facts are actually newly discovered and could not have been discovered earlier by proper diligence, and the facts are not merely cumulative or impeaching. *English v. Mattson* (1954, CA5 Tex.), 214 F.2d 406.

It would also appear that the testimony of this officer would tend to impeach that of the officer who testified at the first trial, and, therefore, such testimony is not admissible in support of a Motion for Reconsideration. *Mesarosh v. United States* (1956) 352 U.S. 1, 77 S.Ct. 1, 1 L.Ed.2d 1.

It has also been held that evidence which is merely cumulative or impeaching is not generally within the canon of "newly discovered evidence" for Rule 59 or 60(b) purposes. *Trans Mississippi Corp. v. United States* (1974, CA5 Miss.), 494 F.2d 770.

This Court also feels that the testimony of the officer who closed the loan and whom the bank was anxious to have testify at the hearing on the Motion would not materially change the result.

Therefore, there is not ground for reopening the hearing. *United States v. Bransen* (1944, CA9 Wash.) 142 F.2d 232.

### ORDER

Upon the foregoing, it is

ORDERED that the Motion of Vermont National Bank for reconsideration is DISMISSED.