In re IDAK CORPORATION, et al., Debtors.

The COMMONWEALTH OF MASSACHUSETTS by its DEPARTMENT OF PUBLIC WELFARE, Plaintiff,

v.

The UNITED STATES of America, Patricia R. Harris, as she is Secretary of the United States Department of Health, Education and Welfare, Joseph W. Bartlett and J. Joseph Maloney, Co-Receivers, IDAK Corporation, IDAK Convalescent Center of Lowell, Inc., IDAK Convalescent Center of North Reading, Inc., Brittany Towers Nursing Home, Inc., Linden House Nursing Home, Inc., IDAK Convalescent Center of Lawrence, Inc., IDAK Convalescent Center of Saugus, Inc., Broadway Convalescent Center, Inc., Brigham Manor Convalescent Home, Inc., Country Manor Convalescent Center, Inc., IDAK Convalescent Center of East Bridgewater, Inc., Pines House Nursing Home, Inc., IDAK Convalescent Center of Needham, Inc., Robbin House Convalescent Home, Inc., Blue Hills Convalescent Home, Inc., IDAK–Highland Convalescent Center, Inc., IDAK Convalescent Center of Fall River, Inc., IDAK–Grove Convalescent Center, Inc., IDAK Convalescent Home of New Bedford, Inc., IDAK Convalescent Center of Oxford, Inc., IDAK Convalescent Center of Webster, Inc., IDAK Convalescent Center of Worcester, Inc., IDAK Resident Care Center of Fitchburg, Inc., Spring House Nursing Home, Inc., Talbot Nursing Home, Inc., Edgewood Convalescent Home, Inc., IDAK Convalescent Center of Brighton, Inc., Star of David Convalescent Home, Inc., Defendants.

Bankruptcy No. 79–1256, et al.

United States Bankruptcy Court, D. Massachusetts.

May 21, 1981.

Leah W. S. Crothers, Asst. Atty. Gen., Jeffrey Ogilvie, Sp. Asst. to Atty. Gen., Dept. of Welfare, Boston, Mass., for Commonwealth of Massachusetts.

Zinora M. Mitchell, David Epstein, Civil Division, Dept. of Justice, Washington, D. C., for the United States.

## ORDER PARTIALLY DISMISSING PROCEEDING

THOMAS W. LAWLESS, Bankruptcy Judge.

On April 15, 1980, (as amended August 14, 1980), the Commonwealth of Massachusetts (the "Commonwealth") filed a complaint against the above-named defendants. The complaint seeks *inter alia* [1] to restrain the United States of America (the "United States") acting through the Secretary of the Department of Health and Human Services [2] (the "Secretary") from reducing the Commonwealth's entitlement to federal funds for payments which the Commonwealth made or will make to the debtors under the Medicaid program.

Briefly stated, the underlying dispute herein involves the potential liability of the Commonwealth to repay the United States the federal portion of Medicaid overpayments that the Commonwealth previously paid to the debtors. The United States, having reimbursed the Commonwealth for a percentage of the total Medicaid payments made to the debtors, has asserted a right to have the full federal portion of any overpayments repaid to it. The Commonwealth, however, argues that the United States is not entitled to recover the full federal share of such overpayments made to the debtors; rather it is the Commonwealth's position that the Medicaid statute requires that it repay to the United States only the federal portion of overpayments actually recovered by the Commonwealth from the debtors. The Commonwealth thus maintains that in light of this Chapter XI proceeding, its liability to the United States is limited to the federal portion of funds received by the Commonwealth under the debtors' plan of arrangement. Therefore, in addition to

1. The Commonwealth's complaint also seeks various relief against the debtors and the Receivers in this proceeding. That aspect of the complaint, however, is not relevant to the present discussion and is not affected by this order.

2. Subsequent to the filing of the complaint by the Commonwealth, the United States Department of Health, Education and Welfare ceased to exist and its functions insofar as relevant to this proceeding were transferred to the United States Department of Health and Human Services.

seeking the injunctive relief noted above, the Commonwealth seeks a determination by this Court that to the extent that any part of its claim against the debtors for Medicaid overpayments is discharged in this proceeding, the Commonwealth's obligation to the United States resulting from such overpayments is likewise discharged.

Subsequent to filing its answer, the United States, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and Rule 712 of the Rules of Bankruptcy Procedure filed a motion for judgment on the pleadings. In the motion the United States seeks to dismiss the Commonwealth's complaint insofar as it requests any type of relief against the United States.[3] While setting forth various bases for its motion, the United States relies primarily on its contention that its dispute with the Commonwealth is beyond the jurisdiction of this Bankruptcy Court.[4] In support of this assertion the United States argues that a resolution of the conflict would have no impact upon either the debtors or on any plan of arrangement. The United States points out that it does not have any fiscal relationship with these debtors, that it asserts no claims in this proceeding, and that the debtors are asserting no claims against the United States. Finally, the United States maintains that having made Medicaid overpayments to the Commonwealth it would look solely to the Commonwealth for repayment of any such funds. The United States concludes, therefore, that since its dispute with the Commonwealth is wholly collateral to the underlying Chapter XI proceeding, adjudication of this controversy may not be properly made in this Court.

This Court agrees with the United States that the Court lacks jurisdiction to grant the relief requested by the Commonwealth insofar as it relates to the United States. The dispute between the Commonwealth and the United States is in essence simply a conflict between an alleged creditor of the debtors and a third-party which has no impact on the debtors or on the Chapter XI proceeding. In such circumstances, despite the fact that the proceeding raises several significant issues of law involved in the relationship between Medicaid law and bankruptcy law generally, the Bankruptcy Act does not grant this Court the jurisdictional authority to resolve these issues in this proceeding.

Moreover, a case recently decided in this district *In re Fredette*, Bankruptcy No. 4–80–188–G, (December 17, 1980, Glennon, B. J.), presented a jurisdictional issue similar to the one confronted by this Court and is instructive herein. In *Fredette* the Bankruptcy Court held that it was without jurisdiction to resolve a dispute between the Commonwealth of Massachusetts and the United States involving liability for Medicaid overpayments which was collateral to and had no impact on the bankruptcy proceeding. Furthermore, it should be noted that the *Fredette* case, a Chapter 7 proceeding, was decided under the more expansive jurisdictional boundaries created by the Bankruptcy Reform Act of 1978 (P.L. 95–598), while the present proceeding is governed by the more limited jurisdiction of the Bankruptcy Act.[5]

Since this Court lacks jurisdiction over that part of the Commonwealth's complaint which requests relief against the United States, it would be appropriate to simply dismiss that part of the proceeding. Rule 915(b) of the Rules of Bankruptcy Procedure, however, allows this Court to transfer

---

3. Specifically, the motion for judgment on the pleadings seeks dismissal of paragraphs 1 through 3 of the Commonwealth's prayers for relief contained in the original complaint and, in addition, that portion of the amended complaint which seeks relief against the United States.

4. In light of this Court's determination that it lacks jurisdiction over that portion of the Commonwealth's complaint relating to the United States, the Court makes no determination as to the validity of the other arguments raised by the United States in its motion for judgment on the pleadings.

5. The underlying Chapter XI proceeding was commenced on July 5, 1979 and thus is unaffected by the Bankruptcy Reform Act of 1978 which became effective on October 1, 1979. (Section 402(a) of the Bankruptcy Reform Act.)

that portion of the case to the civil docket of the District Court. In view of the significant issues that are presented by the dispute between the Commonwealth and the United States, the more appropriate action here is, in fact, to transfer that aspect of the proceeding.

Accordingly, it is

ORDERED:

That the Commonwealth's complaint insofar as it seeks relief against the United States (as more fully described in this Order) is hereby transferred to the civil docket of the United States District Court for the District of Massachusetts.