In re Marjorie W. **JOHNSTON**, Debtor.

Richard V. **PERROTT**, Plaintiff,

v.

**Marjorie W. JOHNSTON, Defendant.**

Bankruptcy No. 83–2.

Adv. No. 83–0025.

United States Bankruptcy Court, D. Vermont.

May 20, 1983.

Robert E. Cummings, Jr., Bennington, for plaintiff.

Marjorie W. Johnston, debtor, pro se.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

This adversary proceeding was brought by Robert V. Perrott on March 7, 1983 for relief from the automatic stay prescribed by § 362(a) of the Bankruptcy Code and for adequate protection of his interest in real estate which is subject to a mortgage he may seek to foreclose in the event that the stay is lifted.

## FACTS

From the records in the case, the testimony adduced at the hearing and the exhibits admitted the following facts have been established:

The Debtor filed a petition for an adjustment of her debts under Chapter 13 of the Bankruptcy Code on January 4, 1983. She is a tavern operator and landlord and in her schedules she lists 16 creditors with the following debts:

Priority $10,100.00
Secured $121,850.00
unsecured $2,988.00
TOTAL $134,938.00

She values her assets at $159,800.00, her total income at $7,486.00 with expenses of $6,991.00 leaving a balance in her monthly budget of $114.00. As part of her assets she has listed a bar together with real estate at 135 Depot Street, Bennington, Vermont with a value of $60,000.00, but subject to liens in the sum of $50,250.00 leaving a net equity in said property as claimed by her, of $9,750.00. The liens include a mortgage listed by her in favor of Richard V. Perrott in the sum of $45,850.00.

The restaurant and bar premises at the corner of River and Depot Street in Bennington were purchased by the Debtor from the Plaintiff on or about October 23, 1981. In July of 1981 these premises had been damaged by fire and the insurance proceeds to be received from the insurance coverage were to be credited to the Debtor as part of the purchase price. As part of the consideration for the purchase of said premises by the Debtor she executed and delivered to Mr. Perrott on October 23, 1981 a Promissory Note in the principal sum of $81,215.00 payable with interest at 12% in monthly installments of $1,000.00 beginning November 23, 1981 with a balloon payment for the entire sum due on said note within one year from the date thereof. The principal of said note included $1,215.00 for additional expenses previously incurred by Mr. Perrott at the subject premises and upon receipt by Mr. Perrott of the insurance proceeds for the damage to the building the principal amount of said note was to be reduced by the amount received but in no event, less than $29,000.00. This note was secured by a real estate mortgage from the Debtor to Mr. Perrott covering the subject premises and recorded October 23, 1981 in Book 0–237 Page 6 of the land records of the Town of Bennington. The Debtor has defaulted in the payment of the mortgage note with the last payment made by her in October,

1982 and the balance owing under the mortgage as of December 28, 1982 was $45,850.99 with interest accruing from said date at the rate of 12%. In addition there are due and owing to the Town of Bennington taxes and water rent which constitute an underlying lien against the subject premises amounting to $3,886.00. Since the date of purchase the Debtor has permitted the bar and restaurant building to deteriorate so much so that the inside is in dire need of repair, the kitchen is in a deplorable condition and, by permitting the watchdog to roam throughout the building, it has become a health hazard. In addition, half of the bar equipment is not in good working order and the Debtor has been denied a liquor license by the Bennington Board of Alderman. With her Vermont license in suspension she has been operating a bar in North Hooskick, New York running it part time while at the same time transporting patrons from Bennington to the New York bar in a bus driven by her. Her committed payments for the New York bar are $500.00 monthly and they are current. The liquidating value of the bar and restaurant premises is between $28,000.00 and $30,000.00 whereas the market value is not more than $35,000.00.

With a view of paying off the mortgage indebtedness to Mr. Perrott and that on the Pine Street property in the City of Rutland which is subject to a mortgage in favor of the Marble Savings Bank, the Debtor has contacted three banks and she has been refused loans by each of them. In addition she has been working on an application for funds from the Small Business Administration but has been advised that they would not consider processing such an application unless she could get a commitment from Mr. Perrott to set the sum of $30,000.00 in full satisfaction of his mortgage. She has not received any commitment from the Small Business Administration and Mr. Perrott will not accept $30,000.00 in settlement of the amount due under the mortgage.

In a collateral proceeding in this Court the Marble Savings Bank filed a Complaint for Relief from Stay so that it could proceed with foreclosure of its mortgage from the Debtor on property situated at 46 Pine Street in the City of Rutland.

## DISCUSSION

Section 362(d) of the Bankruptcy Code deals with the termination or modification of the automatic stay and reads as follows:

"On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

"(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
"(2) with respect to a stay of an act against property, if—

"(A) the debtor does not have an equity in such property; and
"(B) such property is not necessary to an effective reorganization."

It seems clear from the foregoing subsection that the Plaintiff would be entitled to a termination or modification of the stay for cause if he establishes lack of adequate protection of his interest in the mortgage property or shows that the Debtor has no equity in the property and that it is not necessary for an effective reorganization. The Plaintiff has the burden of establishing lack of equity whereas the Debtor in opposing relief has the burden of proof on all other issues, § 362(g).

There is no precise definition in the Code for the term "adequate protection." However Section 361 indicates that adequate protection may be provided by:

(1) requiring . . . periodic cash payments . . . to the extent that the stay . . . results in a decrease in the value of such entity's interest . . .

(2) providing to such entity an additional or replacement lien to the extent that such stay . . . results in a decrease in the value of such entity's interest . . .

(3) granting such relief . . . as will result in the realization by such entity of the

indubitable equivalent of such entity's interest...

At the hearing the Debtor offered no testimony as to how she was going to furnish adequate protection and, in the absence of such proof, she has not sustained the burden required by her under Section 362(g) of the Code. As a matter of fact it seems clear from the record and testimony in this case that she is in no position to furnish the Plaintiff adequate protection to which he is entitled if the automatic stay is to remain in effect. Her own optimistic statement of monthly income and expenses filed with her petition indicates that she would have monthly income of $7,600.00. However, the license for the restaurant and bar in Bennington has been suspended and, as a result, she is receiving little or no income from that operation. Further, she has been unable to obtain any financing either through banks or the Small Business Administration which would aid her in making payments to the Plaintiff under the terms of the mortgage note. Recently, she had an eye operation and incurred medical bills of $8,000.00, the payment of which will cause an additional drain on her income. Under the circumstances the Court is satisfied that she cannot furnish the Plaintiff with adequate protection as required under Section 362(d) of the Code.

Although the Debtor testified that the restaurant and bar premises could be sold for $70,000.00 to $80,000.00 the Court feels that this is nothing more than a rash statement. On the other hand the Court feels that the testimony of the Plaintiff who has been a real estate broker for about 40 years is worthy of credibility. Since the market value is no more than $35,000.00 and the mortgage and tax liens amount to more than $49,000.00 there is no equity in the subject property.

Besides a lack of equity the other requirement in the alternative constituting cause for relief from stay is that the property is not necessary for an effective reorganization. As to whether Section 362(d)(2) relating to the necessity for an effective reorganization applies to Chapter 13 cases, there is a divergence of opinion. Some cases have held that this subsection does not apply to Chapter 13 filings. *In Re Feimster,* 3 B.R. 11 (Bkrtcy.N.D.Ga.1979), *In Re Sulzer,* 2 B.R. 630 (Bkrtcy.S.D.N.Y.1980), *In Re Youngs,* 7 B.R. 69 (Bkrtcy.D.C.Mass.1980). The contrary has been held in other cases. *In Re Crouse,* 9 B.R. 400 (Bkrtcy.S.D.Tex. 1980), *In Re First Conn. Small Business Investment Co. v. Ruark,* 7 B.R. 46 (Bkrtcy. D.C.Conn.1980), *In Re Zellmer,* 6 B.R. 497 (Bkrtcy.N.D.Ill.1980). However, regardless of the difference of opinion, if subsection 362(d)(2) is applied in the instant case, the Plaintiff would still be entitled to relief from stay for the reason that the Debtor has failed to sustain her burden that the property is necessary for an effective reorganization. The basic premise for reorganization is recited in the case of *In Re Dublin Properties,* 12 B.R. 17, 4 C.B.C.2d 885, 889 (Bkrtcy.E.D.Penn.1981), as follows:

"... that in order for property to be necessary for an effective reorganization of a debtor it must be demonstrated that an effective reorganization is possible. If no reorganization of a debtor is feasible, then no property of that debtor can be necessary for that end. See e.g. *In Re Riviera Inn of Wallingford, Inc.,* 7 B.R. 725 (Bkrtcy.D.Conn.1980)." (Other citations omitted.)

From the evidence and proceedings in this case the Court is satisfied that the Debtor cannot implement a viable plan under which she can be rehabilitated or reorganized. On the contrary, the Court feels that the Chapter 13 petition was not filed by the Debtor in good faith but merely for the purposes of avoiding foreclosure proceedings under mortgages given by her to the Marble Savings Bank to the Plaintiff. Accordingly, the Plaintiff is entitled to relief.

ORDER

Now, therefore, upon the foregoing.

IT IS ORDERED that the automatic stay prescribed by Section 362 of the Bankruptcy Code is terminated and the Plaintiff is

authorized to proceed with foreclosure of his mortgage.