**In re Marjorie JOHNSTON, Debtor.**

**Bankruptcy No. 83–2.**

United States Bankruptcy Court,
D. Vermont.

Jan. 18, 1984.

Cortland Corsones, Rutland, Vt., for debtor.

Robert E. Cummings, Jr., Bennington, Vt., for Richard Perrott.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

### FACTS

On January 4, 1983, the debtor (Johnston) filed for relief under chapter 13 of the Bankruptcy Code (Code). The petition was not filed in good faith but merely to avoid foreclosure proceedings.

On May 20, 1983, Richard V. Perrott (Perrott) obtained relief from the stay of Code section 362(a) in order, as mortgagee of Johnston as mortgagor, to foreclose on certain premises in Bennington, Vermont, 31 B.R. 202. On August 13, 1983, Perrott obtained a decree of foreclosure and on November 23, 1983, a writ of possession from the Bennington County Superior Court.

Johnston at all times vigorously opposed the foreclosure: in the Bankruptcy Court and by appeal to the U.S. District Court, and in the Bennington Superior Court and

by appeal to the Vermont Supreme Court. The appeal to the District Court of the lift-stay order of this court dated May 20, 1983, was dismissed on September 21, 1983, for Johnston's failure to comply with the rules for appeal. The Vermont Supreme Court appeal was denied on December 12, 1983. Johnston's motions to the Superior Court for a new trial and to vacate the judgment of foreclosure and writ of possession were denied on December 19, 1983.

On December 9, 1983, Johnston caused to be filed in the Bankruptcy Court an "Application to Open, Set Aside, Vacate and Nullify the Order Granted to Richard Perrott for Relief from Stay Which Was Granted" on May 20, 1983. In substance, the motion is a motion under Rule 59 of the Federal Rules of Civil Procedure to alter or amend the judgment of May 20, 1983; alternatively, it is a motion under Rule 60 of the Federal Rules for relief from that Order. The matter was heard, after notice, on December 29, 1983.

At the hearing, Johnston made representations to the Court as to a variety of matters wholly immaterial to issues adjudicable under Code section 362(d), being the section which governed the underlying Memorandum and Order of May 20, 1983. Johnston also made certain representations to the Court as to matters which are material to issues adjudicable under section 362(d), the substance of the relevant representations being in large part a reiteration of matter presented at the hearings on the underlying motion, and in the lesser part being matter which by due diligence could have been presented at those hearings.

## DISCUSSION

Bankruptcy Rule 9023 provides that "Rule 59 F.R.Civ.P. applies in cases under the Code..." Rule 59(b) and 59(e) provide that a motion for a new trial or to amend a judgment "shall be served not later than 10 days after the entry of the judgment." The mandate to serve the motion in timely fashion is a jurisdictional prerequisite. *Browder v. Director, Dept. of Corrections,* 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978).

■ Johnston may not be heard under Rule 59 for the reason that she filed the instant motion over 200 days after the entry of judgment in the underlying matter, or over 75 days after the District Court dismissed the appeal of that judgment.

■ The court does not suggest that Johnston could obtain relief had the instant motion been timely filed. The court has broad discretion in granting or denying a motion under Rule 59. *Campbell v. American Foreign S.S. Corp.,* 116 F.2d 926 (2nd Cir.1941), *cert. den.,* 313 U.S. 573, 61 S.Ct. 959, 85 L.Ed. 1530; *Securities and Exchange Commission v. S.J. Salmon & Co.,* 375 F.Supp. 867 (S.D.N.Y.1974) (motion addressed to sound discretion of bankruptcy court). A motion to reopen the evidence or to alter a judgment should be granted only when unusual circumstances prevail and should not be granted on grounds of a purely repetitious nature or predicated on factual or legal grounds that could and should have been presented at the original hearing. *In re Titus,* 13 B.R. 450 (Bkrtcy.D.Vt.1980), *Seymour v. Potts & Callahan Contracting Co.,* 2 F.R.D. 38 (D.C.1941).

■ A rehearing in equity will not be granted merely to relitigate old matters, *United States v. 5.77 Acres of Land,* 3 F.R.D. 298 (N.Y.1943), or to introduce evidence which by the exercise of reasonable diligence could have become part of the evidence at the original hearing, *Washington v. United States,* 214 F.2d 33 (9th Cir.1954), *cert. den.,* 348 U.S. 862, 75 S.Ct. 86, 99 L.Ed. 679. The application for the receipt of new testimony or for an amendment of the judgment based on "new" evidence should be denied where it appears that the degree of activity or diligence which belatedly lead to the evidence, after the hearing, would have produced it had it been exercised prior thereto. *United States v. Bransen,* 142 F.2d 232 (9th Cir.1944).

■ The court observes that prior to the day of the hearing on the underlying motion Johnston was, or by employing means at her command could have been, cognizant of the substance of the representations she

now makes. Whether through a lack of diligence or through recalcitrance—a matter which the court does not address—the simple fact is that no extrinsic force or circumstance prevented Johnston from presenting at the hearing the argument and other matters she now seeks to introduce, and therefore, the matter could and should have been presented at the hearing.

Further, newly discovered evidence as a ground for a new hearing refers only to evidence of facts in existence at the time of the hearing of which the aggrieved party was excusably ignorant. *Campbell v. American Foreign S.S. Corp.*, 116 F.2d 926 (2d Cir.1941), *cert. den.*, 313 U.S. 573, 61 S.Ct. 959, 85 L.Ed. 1530. At the time of the hearings on the underlying motion Johnston was not unaware of the matter she now seeks to have the court consider, or if unaware, she was not excusably ignorant of such matter, in that she recognized its pertinence to the lift-stay litigation and merely failed to assemble it for presentation to the court.

After the 10 day period of Rule 59 has expired, relief from judgment must be granted, if at all, under Rule 60(b). *Davidson v. Dixon*, 386 F.Supp. 482 (D.Del.1974). However, the movant may not "roll over" to Rule 60(b) to avoid the Rule 59(e) time limitation, *United States v. Hall*, 463 F.Supp. 787 (W.D.Mo.1978), *aff'd*, 588 F.2d 1214 (8th Cir.1978); 26 Fed.Rules Serv.2d 1084. The movant must meet the independent requirements prerequisite to obtaining relief under Rule 60(b).

Rule 60(b) provides:
> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . .

The standards for determining what constitutes justifiable excuse or excusable neglect, and new evidence and due diligence, are the federal standards applicable to both Rule 59 and Rule 60 motions. The court notes that the relitigation of adequate protection, which Johnston by the instant motion seeks to accomplish, does not fall within the meaning of newly discovered evidence as that term is used in Rule 60(b)(2). Nor do Johnston's averments as to collateral and immaterial matters, nor her failure as a *pro se* litigant to act in timely fashion, with predictable results, amount to mistake, inadvertence, surprise or excusable neglect as those terms are used in Rule 60(b)(1). Notably, "excusable neglect", as used in the Code, means "the failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform". *In re Breining*, 6 B.R. 837, 842 (Bkrtcy.S.D.N.Y.1980), *In re Webb*, 8 B.R. 535, 537 (Bkrtcy.S.D.Tex.1981); *Matter of Anderson*, 5 B.R. 47, 50; (Bkrtcy.N.D. Ohio, 1980) *In re Rogers*, 2 B.R. 485, 487 (Bkrtcy.W.D.Va.1979); *In re Manning (Beneficial Finance Company of Hartford v. Manning)*, 4 B.C.D. 304, 305 (D.Conn.1978). Ordinary negligence is not enough. *Matter of R.M. Starkey*, 1 C.B.C. 138, 142 (Bankr. W.D.Wisc.1973). The standards of excusable neglect are akin to those justifying application of the doctrine of *force majeure.* Lack of control over events is essential. *In re Horvath*, 20 B.R. 962, 966. (Bkrtcy.S.D. N.Y.1982); *In re Gertz*, 1 B.R. 183, 185 (Bkrtcy.C.D.Cal.1979.)

The Debtor has failed to make out a meritorious case for reopening the hearing and setting aside relief from stay.

### ORDER

Upon the foregoing,

IT IS ORDERED that the Debtor's Motion to Vacate and Amend the Order of May 20, 1983 is DENIED.